FRANKE vs. NUNNENMACHER.

*Order appealable? — Waiver of objection to order.*

1. Whether an order refusing to strike out irrelevant and redundant matter in a pleading is appealable, *quære.*
2. If the order is appealable, and the refusal erroneous, the filing of an answer to the pleading is a waiver of the error.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to abate a private nuisance, and to recover damages for the maintenance of the same.    The defendant appealed from an order refusing to strike out certain portions of the complaint as irrelevant and redundant.    These portions alleged facts to show that the nuisance complained of caused a loss of customers in his business as a tavern-keeper, injury to the health of his wife and children, and a depreciation in the value of his land and surrounding premises.

*Smith & Salomon*, for appellant, argued that when the matter sought to be stricken out is a claim of special damages, it goes necessarily to the merits, and the motion to strike out stands on an equality with, and takes the place of, a demurrer. *Clark v. Langworthy*, 12 Wis. 441; *Oatman v. Bond*, 15 id. 20; *Western Bank v. Tallman*, id. 92.    They further argued, in regard to each of the portions of the complaint sought to be stricken out here, that it did not state a proper ground for damages in this action.

*Mann & Cotzhausen*, for respondent, contended that the order was not appealable; and to the point, that the service of an answer, after notice of the motion to strike out, was a waiver of the motion, they cited *Goch v. Marsh*, 8 How. Pr. R. 439; How. N. Y. Code (2d ed.) p. 289. They also argued that the allegations referred to in the motion were relevant and proper.

COLE, J.   We have considerable doubt whether an order refusing to strike out redundant and irrelevant matter in a pleading is appealable.   It is claimed that such an order is appealable under subd. 4, § 10, chap. 264, Laws of 1860, as being one which "involves the merits of the action or some part thereof." But it is not readily perceived how mere impertinent or irrelevant allegations in a complaint can involve the merits of the action.   They do not affect the subject-matter of the litigation, but may be disregarded as surplusage at the trial. The word "merits," as here used, relates to something more than mere matter of form in pleading.   *Rahn v. Gunnison*, 12 Wis. 528; *Oatman v. Bond*, 15 id. 20; *Cobb v. Harrison*, 20 id. 625.   It is not at all difficult to determine the ground of the action here, and the principal act complained of, and therefore it is unlike the case of *Clark v. Langworthy*, 12 Wis. 441, to which we were referred on the argument by the counsel for the appellant.   This action is for a nuisance, and for the abatement of the same; and the matters moved to be stricken out were doubtless inserted in the complaint to show the nature, character and extent of the injurious acts complained of.   It appears that the plaintiff owns premises upon and along the Kinnickinnick river, upon which there is a tavern or dwelling occupied by him and his family as a homestead.   The defendant owns a large estate about a mile and a half above him on the river, upon which he has a distillery, large stables used in fattening cattle, hog-yards, etc.   It is alleged that the distillery, stables,

hog-yards, etc., are so situated and constructed as to discharge the manure, offal, slops and excrements into the river, by means of which the water is polluted, and the premises of the plaintiff are rendered unwholesome by offensive smells and stenches arising from the decomposition of the matter thus discharged into the river from the defendant's premises above. And it is alleged that the health of the plaintiff's family has been seriously affected, and the value of his property has been almost destroyed, by the nuisance.

It is by no means clear that all these matters were not properly set forth in the complaint, to show the extent and character of the nuisance. And if the plaintiff intends to hold the defendant responsible for all this loss and inconvenience resulting from the nuisance, the defendant cannot complain that he has been duly apprised of it. But whether all these allegations were really necessary, in order to lay the foundation for proof of special damages, we need not consider, because we are of the opinion that even if the order refusing to strike out what is claimed to be redundant matter were appealable, answering the complaint was a waiver of the error in the order, if any existed. This, we think, would be the consequence of answering the complaint after a motion to strike out redundant matter has been denied. For the defendant has already answered the complaint, as it now stands, and what possible advantage can it be to him to have the order refusing to strike out parts of the complaint overruled? His answer is in; the issues are made up for trial; and if the complaint contains irrelevant and redundant allegations, which have no bearing upon the subject in controversy, the defendant will not be embarrassed by them in his defense. So it is obvious, if we were to entertain the appeal from the order, and reverse it, our decision would be inconsequential and fruitless upon the rights of the parties. It is suggested that it might be a guide to the circuit court in respect to the question of special damages. But it must be

assumed that the court will rule correctly upon that point. We therefore think putting in an answer was a waiver of the motion to strike out for redundancy.

*By the Court.* — The motion to dismiss the appeal is granted.