THE SUPERVISORS OF DOUGLAS COUNTY VS. WALBRIDGE and others, imp. (Motion to dismiss, etc.)

APPEAL TO SUPREME COURT. (1) *When not waived by appellant proceeding in the trial court.* (2) *When copies will be ordered substituted for original papers, on appeal.* (3) *By which court such order to be made.* (4) *Form of the order, when made here.*

1. After appeal taken from an order overruling a demurrer to the complaint, the putting in of an answer by the appellant (in the absence of any stay of proceedings) is not a *waiver* of the appeal, nor a ground for dismissing it.
2. On appeal by defendant from an order before judgment, where proceedings are not stayed, the law intends that plaintiff shall be allowed to go on with the action regardless of the appeal; and for that purpose he should be permitted to have copies substituted for the original papers constituting the record on appeal.
3. This court (as well as the trial court) is empowered to order such substitution of copies for the original records, on appeal (sec. 5, ch. 264, Laws of 1860; Tay. Stats., 1632, § 5); and in this case, the respondent not having had an adequate opportunity to apply to the trial court for that purpose before the return was made to the appeal, the order is made here.
4. The form of the order here is, that upon plaintiff [respondent] filing a stipulation to procure the proper return to be filed in this court by a day specified, the original records be remitted to the clerk of the court below, with directions to return copies thereof (or of such portions as relate to this appeal) in lieu of the originals.

APPEAL from the Circuit Court for *Dane* County.

*P. L. Spooner, H. S. Orton* and *Gregory & Pinney*, for the motion.

*Sloan, Stevens & Morris, contra.*

LYON, J. This is a motion to dismiss an appeal from an order overruling a general demurrer to the complaint, and, if denied, then a further motion for leave to substitute copies for the original records returned to this court on the appeal, to the end that the cause may proceed in the circuit court pend-

ing such appeal. Upon overruling the demurrer, the circuit court gave the defendants leave to answer on certain terms; and the motion to dismiss is founded on the fact that, after the appeal was perfected, they availed themselves of such leave and answered the complaint.

I. The general principle that a party who accepts some benefit or advantage under an order of the court will not be permitted to prosecute an appeal from such order, is invoked to support the motion to dismiss. This principle has often been applied, but, without questioning its correctness in a proper case, we think it is not applicable to the present case. The legislature has conferred the right of appeal from certain orders made in the progress of a cause, among which are orders overruling demurrers (Tay. Stats., 1635, §.11), and has at the same time left it to the discretion of the circuit judge, in each case, whether there shall or shall not be a stay of proceedings pending the appeal. (Tay. Stats., 1641, § 24.) If the judge refuses to grant a stay of proceedings, the cause must go on in the circuit court the same as though no appeal had been taken; and, in a case like this, the defendant must either answer or allow judgment to go against him by default. If, by interposing an answer, he waives his appeal, the alternative is forced upon him, either to suffer judgment to go against him by default, or to waive his appeal from the order overruling his demurrer. We cannot think that the legislature intended to drive a defendant to any such alternative, but intended rather that he may, at the same time, prosecute his appeal and defend the action. The principle, we think, is the same, if, instead of refusing a stay of proceedings, the judge is willing to grant it (as he was in this case), but the appellant is unable, or for any other reason fails, to give the required undertaking.

We do not determine the effect of a reversal of the order overruling the demurrer upon the judgment, should judgment against the appellants be obtained before such reversal. Neither do we determine that, after an appeal from an order, the appel-

lant cannot take proceedings in the action in the circuit court which will operate as a waiver of his appeal. We only hold that, in the absence of a stay of proceedings, an appeal from an order overruling a demurrer to a complaint is not waived by the putting in of an answer pending the appeal.

The motion to dismiss the appeal must be denied.

II. It is provided by statute that upon an appeal from an order being perfected, the clerk of the court from which the appeal is taken shall transmit to this court (with the order appealed from, the notice of appeal and undertaking) "the original papers used by each party on the application for the order appealed from. The court may, however, in each case, direct copies to be sent in lieu of the originals." Laws of 1860, ch. 264, sec. 5 (Tay. Stats., 1632, § 5). We have held, at the present term, that the above statute confers upon this court, as well as the circuit court, power to order copies to be substituted for the original records on which the order appealed from is founded, to the end that, if there be no stay, the cause may proceed in the circuit court notwithstanding the appeal. In this case the appellants have failed to procure a stay of proceedings, and the plain intention of the law is that the plaintiff shall be permitted to go on with the action in the circuit court, regardless of the appeal. To enable the plaintiff to do so, the original record must necessarily be returned to that court; and we think it right and proper, under the circumstances, that the same be so returned. Otherwise the appellants will obtain the full benefit of a stay of proceedings in the action, without complying with the terms on which alone such stay can lawfully be granted. Ordinarily, the application to substitute copies for original records should be made to the circuit court before return is made to the appeal; but in this case there seems to have been no adequate opportunity to do so.

*By the Court.* — An order will be entered to the effect that, upon the plaintiff filing a stipulation to procure the proper re-

turn to be filed in this court by the 15th inst., the original records be remitted to the clerk of the circuit court with directions to return copies thereof (or of such portions thereof as relate to the appeal), in lieu of the original records.