TRONSON vs. THE UNION LUMBERING COMPANY.

PLEADING. (1-3) *Complaint in replevin for goods taken from a sheriff after being attached; what it must show.*

APPEAL TO SUPREME COURT. (4) *On appeal by a defendant from a judgment, the court reviews an order overruling his demurrer to the complaint.*

Tronson vs. The Union Lumbering Company.

1. In replevin by a sheriff for chattels attached by him and taken from his possession by defendant, the complaint must state facts showing that such chattels were *liable to seizure by virtue of the attachment;* or it is bad, on demurrer.

2. If such attachment was issued under the general attachment law (R. S., ch. 130), the complaint must state that the chattels were the property of the attachment defendant.

3. Where the property in dispute is logs, if the attachment under which plaintiff claims was issued under the act providing a lien for labor and services upon logs and lumber (ch. 154, Laws of 1862), the complaint must aver that the attachment plaintiff performed labor on the logs in controversy.

4. On defendant's appeal from the judgment, this court reviews an order overruling his demurrer to the complaint (Tay. Stats., 1632, § 6), and reverses the judgment for error in such order.

APPEAL from the Circuit Court for *Chippewa* County.

The complaint (omitting certain introductory averments) is as follows:

"That at the times hereinafter mentioned the plaintiff was and is still acting sheriff of the county of Chippewa, in the state of Wisconsin, and. as such sheriff, by virtue of one certain writ of attachment in an action then pending in the circuit court of said county, wherein Frank Bautin was plaintiff and Frank Blair was defendant, and duly issued by the clerk of said court, to the plaintiff directed and delivered on the 11th day of April, 1873, at the town of Sigel, in said county, seized, attached and took possession of and marked with the mark (S), one hundred and fifty thousand feet, board measure, of pine saw-logs, which logs had been previously marked for a bark mark U | L and for an end mark stamped U L Co.

"That between the said 11th day of April, 1873, and the commencement of this action, at said county of Chippewa, the defendant wrongfully took said pine saw-logs from the possession of the plaintiff, and still unjustly detains the same.

"That the value of said logs was the sum of $750, and that the sum mentioned in said writ of attachment to secure the

judgment of which the same was issued, was $292.89, with the costs, charges and disbursements.

"That judgment has, since the issuing of said writ of attachment, been entered, filed and recorded in the office of the clerk of the circuit court for said county, and execution issued thereon in said action, directed and delivered to the plaintiff, for the sum of $361.14, and costs and fees of said execution, on or about the 27th day of September, 1873.

"That said defendant has detained said logs to the damage of this plaintiff in said sum of $361.14, and one dollar for costs of execution, and for his fees in collecting the same in the sum of $16.55, and interest.

"Wherefore the plaintiff prays judgment against the defendant for recovery of the possession of said pine saw-logs, or for the sum of $378.69, and interest from September 27, 1873, the value thereof, in case a delivery thereof cannot be had, together with $50, his damages, and for the costs of this action."

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled; the cause was tried; and the plaintiff recovered judgment for the sum claimed. The defendant appealed from the judgment.

*Bingham & Jenkins*, for appellant, among other points, argued that the complaint in actions of this nature should show either ownership or a special property in the plaintiff, with a right to the immediate possession (*Clark v. Skinner*, 20 Johns., 465; *McCurdy v. Brown*, 1 Duer, 101; *Dodworth v. Jones*, 4 id., 201); and that the mere allegation that the plaintiff took the goods by virtue of a warrant of attachment, without showing further that the attachment defendant owned or had some interest in them, or that his writ commanded him to take those specific articles, was insufficient. *Pattison v. Adams*, 7 Hill, 126; 1 Van Santv. Pl., p. 216; *Vandenburgh v. Van Valkenburg*, 8 Barb., 217; *Bond v. Mitchell*, 3 id., 304; *Scofield v. Whitelegge*, 49 N. Y., 259.

*Wiltse & McRae*, with *Meggett & Teall*, for respondent, relied upon the want of an exception to the ruling of the court on the demurrer, and the subsequent reception of evidence under the complaint without objection by the defendant, as constituting a waiver of his demurrer, citing to this point *Tomlinson v. Wallace*, 16 Wis., 224; and they argued at length the other exceptions in the case.

LYON, J. The complaint is fatally defective, and the demurrer thereto should have been sustained. True, the complaint alleges that the plaintiff, as sheriff, seized the logs in controversy by virtue of a writ of attachment to him directed and delivered, and that the defendant wrongfully took and unjustly detains such logs; but it fails to aver facts showing that the logs were liable to seizure by virtue of the attachment. It is not stated whether the attachment was issued under the general attachment law of the state (R. S., ch. 130), or under the act providing for a lien for labor and services upon logs and lumber (Laws of 1862, ch. 154; Tay. Stats., 1768); but the bill of exceptions shows that it was issued under the latter act. Had it been issued under the general law, the complaint should have stated, in some form, that the logs were the property of the defendant in the attachment; but, having been issued under the act of 1862, there should be an averment that the plaintiff in the attachment performed labor on the logs in controversy. The complaint is barren of these or equivalent averments. No fact is therein stated which shows or tends to show that the defendant is liable to the plaintiff in this action. Every averment of fact in the complaint may be true, and yet the defendant may be the owner and entitled to the possession of the logs. The averments that the taking was wrongful and the detention unjust, are mere propositions of law, and no facts are pleaded to support them. It seems apparent that the complaint fails to state a cause of action.

On this appeal it is our duty to review the order overruling

the demurrer; and, that order being erroneous, the judgment must necessarily be reversed. Laws of 1860, ch. 264, sec. 6, as amended by Laws of 1871, ch. 86, sec. 1 (Tay. Stats., 1632, § 6). See also *Armstrong v. Gibson*, 31 Wis., 61. This disposes of the case, and it is unnecessary to review the rulings of the circuit court on the trial of the action.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings according to law.