Hooker and another vs. Village of Brandon.

HOOKER and another, Appellants, vs. VILLAGE OF BRANDON, Respondent.

*September 3 — September 21, 1886.*

*Appeal: Order sustaining demurrer: Service of amended complaint.*

If, after a demurrer to the complaint is sustained, an amended complaint is served, the previous complaint is practically eliminated from the record, and an appeal cannot be taken from the order sustaining the demurrer. *Sup'rs Douglas Co. v. Walbridge,* 36 Wis. 643, distinguished.

APPEAL from the County Court of *Fond du Lac* County.
*C. E. Hooker,* for the appellant.
*Geo. E. Sutherland,* for the respondent.

BY THE COURT. Motion to dismiss the appeal. The action was brought to recover for the plaintiffs' services as

attorneys in several prosecutions for violations of the excise laws within the defendant village, and also in an action
brought by one Whitton against the defendant, and for
certain expenditures in all of said actions.

The original complaint was superseded by an amended
complaint, which discloses the above causes of action. A
demurrer to the amended complaint was sustained by the
court, with leave to the plaintiffs to amend the same on
payment of $10. The record does not contain this demurrer,
but it was probably a general demurrer to the whole complaint. At least, it must be so regarded. The plaintiffs
thereupon paid the $10, and served a second amended complaint, omitting therefrom the claim for services and expenditures in the excise prosecutions. After such service this
appeal was taken by the plaintiffs from the order sustaining
the demurrer to the first amended complaint.

The court is of the opinion that the appeal cannot be upheld. When the second amended complaint was interposed,
the first amended complaint became *functus officio*. Practically, it was eliminated from the record. It would not
be restored thereto were this appeal entertained, and the
order overruling the demurrer reversed. Hence the appeal
would be fruitless in any event. The plaintiffs rely upon
the case of *Sup'rs Douglas Co. v. Walbridge*, 36 Wis. 643,
claiming that it lays down a different rule. But it does
not. In that case a general demurrer to the complaint had
been overruled, and it was held that the defendant did not
waive his appeal from the order overruling his demurrer by
interposing an answer to the complaint after such appeal
had been taken. There the ruling of the trial court left the
complaint intact, and the objection that it did not state a
cause of action could properly be made at any time. The
cases go upon the same principle which hold that, on an
appeal from a final judgment, this court will review an
order overruling a general demurrer to a pleading. *Arm-*

*strong v. Gibson,* 31 Wis. 61; *Tronson v. Union Lumbering Co.* 38 Wis. 202; *McKinney v. Jones,* 55 Wis. 39.

Had the plaintiffs stood by their demurrer, and allowed final judgment to go against them upon it, on appeal from such judgment the order sustaining the demurrer to their complaint would be reviewable. Such is the case of *Moritz v. Splitt,* 55 Wis. 441.

By the voluntary act of the plaintiffs, the second amended complaint has become the only complaint in the action, and they cannot maintain an appeal based (as is this appeal) upon an alleged erroneous view of a former complaint, which, because of such voluntary act, has disappeared from the case, or, at least, has ceased to have any significance therein.

The appeal must be dismissed.