HOOKER and another, Appellants, vs. THE VILLAGE OF BRANDON, Respondent.

*October 17 — November 5, 1889.*

*(1, 2) Appeal:* Res adjudicata: *Amendment of complaint: Estoppel. (3, 4) Findings construed: Value of services: Evidence: Immaterial errors. (5, 6) Authority of attorneys to take appeal: Assent by village.*

1. An appeal from an order sustaining a demurrer to a complaint having been dismissed on the ground that the right to appeal had been waived by filing an amended complaint, the plaintiffs cannot question the correctness of such order upon an appeal from the judgment obtained on such amended complaint.

Hooker and another vs. The Village of Brandon.

2. If, after a demurrer to the complaint has been sustained, the plaintiff files an amended complaint, he is thereby estopped from making any further claim in the action on account of matters contained in the original complaint but omitted from the amended one.

3. In an action to recover for legal services and expenses incurred in performing them, the referee found that there was no special contract as to the rate of compensation, and allowed specific sums for certain services, saying nothing about the expenses connected therewith. *Held*, that such findings must be construed as fixing the value of the services including any expenses incurred in performing them, and, being based upon sufficient evidence, render immaterial an error in the exclusion of evidence as to such expenses.

4. The admission of incompetent evidence will not work a reversal where the findings of the referee or court are sustained by an abundance of competent evidence.

5. The employment of attorneys to defend an action pending in the trial court does not, under ordinary circumstances, authorize them to take an appeal from an adverse judgment.

6. The fact that the president of a village knew that attorneys were preparing to take an appeal from a judgment against it, does not amount to an assent thereto by the village, so as to render it liable for their services in that behalf.

APPEAL from the Circuit Court for *Fond du Lac* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action to recover the value of certain legal services performed by the plaintiffs for the defendant village, and for money disbursed by the plaintiffs on behalf of said defendant in carrying on certain legal proceedings.

This action was commenced early in the year 1885. After the plaintiffs had served their complaint therein, and before the time to answer had expired, they served an amended complaint. To this amended complaint the defendant demurred, setting up all the statutory grounds of demurrer, and several in addition thereto. On the 19th of September, 1885, this demurrer was heard by the court, and the demurrer to the complaint, and to the whole thereof, was

sustained, with leave to the plaintiffs to amend their complaint within twenty days upon payment of $10 costs to the defendant. Thereupon a second amended complaint was made and served in the action. To this amended complaint the defendant again demurred. This demurrer was overruled by the court by an order dated November 15, 1887, and afterwards the defendant, on the 3d of January, 1888, tendered judgment to the plaintiffs in the sum of $250. This tender of judgment was not accepted, and the defendant answered, admitting that the plaintiffs were employed by the defendant as alleged in their complaint, but denying the value of the services and the amount of the alleged disbursements.

By stipulation of the parties the case was referred to P. H. Martin, as referee, to hear, try, and determine the case. Upon the hearing before the referee the plaintiffs asked to be permitted to again amend their complaint by inserting, in substance, what was omitted from the first amended complaint when the second amended complaint was made and served, so that the proposed amended complaint would be, in substance, the same as that to which the defendant's demurrer was sustained by the court. The referee and the court below refused to permit this last amendment, on the ground, among others, that the proposed amendment to the complaint was to insert a supposed cause of action to which the demurrer of the defendant had been sustained as not stating a cause of action, and that no appeal had been taken from such order of the court sustaining such demurrer, and so the matter was *res adjudicata* in the action.

On the trial the referee found in favor of the plaintiffs for the sum of $324.22. The plaintiffs excepted to the findings of fact and conclusions of law. The only complaint made against the findings of fact is that the referee did not allow a sufficient amount for the value of plaintiffs' serv-

ices, and not enough for their disbursements made on behalf of the defendant.

For the appellants there was a brief by *Eli Hooker* and *C. E. Hooker*, in person, and oral argument by *C. E. Hooker*.

*Geo. E. Sutherland*, for the respondent, to the point that authority from individual members of the village board would not give the plaintiffs the right to go on and render services or incur expenses for which the defendant would be liable, cited *Perry v. Tynen*, 22 Barb. 137, 140; *Day v. Green*, 4 Cush. 433, 438; *Williams v. School District*, 21 Pick. 75; *Ruggles v. Nantucket*, 11 Cush. 433, 436; *Stoughton v. Baker*, 4 Mass. 530; *Green v. Miller*, 6 Johns. 39; *Martin v. Lemon*, 26 Conn. 192; *Comm. v. Ipswich*, 2 Pick. 70; *Kupfer v. South Parish*, 12 Mass. 185; *Damon v. Granby*, 2 Pick. 345; R. S. sec. 4971, subd. 3.

TAYLOR, J. On the hearing in this court the learned counsel for the appellants claims the right to review the decision of the trial court in sustaining the demurrer to the first amended complaint. To this claim there are two objections:

*First.* The plaintiffs did appeal to this court from said order sustaining the demurrer of the defendant to their amended complaint, and this court dismissed such appeal on the ground that they had waived their right to appeal from such order by filing an amended complaint after the order was made. See *Hooker v. Brandon*, 66 Wis. 498. This decision, according to all the authorities, is *res adjudicata* in this case.

*Second.* If the plaintiffs have waived their right to appeal from the order sustaining a demurrer to their complaint, by filing an amended complaint in the action, upon which they ask the court to proceed to judgment, it follows that they have no right to question the order sustaining such demurrer upon an appeal from the judgment ob-

tained on such amended complaint. As is said by this court in the opinion dismissing the plaintiffs' appeal, " by amending their complaint they abandon in their action all claim for any matters not contained in such amended complaint." They are estopped, therefore, from making any further claim in such action on account of those matters which are omitted from such amended complaint. This court has held that when a demurrer to a complaint or to an answer has been overruled, the party demurring may answer to the pleading demurred to, and by so doing he does not waive his right to review the order of the court overruling such demurrer. *Douglas Co. v. Walbridge,* 36 Wis. 643; *Armstrong v. Gibson,* 31 Wis. 61; *Tronson v. Union L. Co.* 38 Wis. 202; *McKinney v. Jones,* 55 Wis. 39; *Moritz v. Splitt,* 55 Wis. 441. These cases are not in conflict with the rule stated in *Hooker v. Brandon,* 66 Wis. 498. In the cases cited the party demurring abandons no right by pleading over after his demurrer is overruled, but the plaintiff to whose complaint a demurrer is sustained, by filing a new and amended complaint, and thereby asking of the court the privilege of proceeding to judgment upon such amended complaint, clearly abandons his right to be heard in that action in respect to those matters omitted from such amended complaint. In such case, if the plaintiff insists upon his right to recover upon a supposed cause of action which the court holds is no cause of action, he must let his complaint stand as his complaint in the action, and either suffer judgment to go against him on the demurrer and then appeal from that judgment, or appeal directly from the order sustaining the demurrer.

The plaintiffs cannot be heard upon this appeal to question the correctness of the decision of the demurrer by the court below. That the attempt of the plaintiffs to amend their complaint on the trial, so as to reinstate the cause or causes of action which had been decided bad upon demur-

## AUGUST TERM, 1889. 13

Hooker and another vs. The Village of Brandon.

rer, was properly refused, is manifest, and needs no further comment.

Upon the trial before the referee the plaintiffs offered in evidence their books of account as evidence of services performed and of money paid by them for their expenditures while performing services for the defendant. The defendant objected to the books as evidence in favor of the plaintiffs for any purpose. The referee admitted the books to prove all charges therein, except the charges for disbursements and expenses made or paid by *Eli Hooker*. *Eli Hooker* was not a witness on the trial. His health of body and mind was such as prevented him from appearing and testifying in the case. The plaintiffs excepted to the ruling of the referee excluding the books as evidence of the charges made by *Eli Hooker* for disbursements and expenses. This ruling is assigned as error upon this appeal. Whether this ruling was made by the referee on the ground that money paid out by the plaintiffs in transacting business for the defendant was not such a charge as could be proved by the introduction of their books of account, or upon the ground that *C. E. Hooker*, who was not present when such expenditures were claimed to have been made by *Eli Hooker*, could not make the proper proofs, under the statute, to make such books evidence of such charges, does not appear from the record. Secs. 4186, 4187, R. S., prescribe under what conditions and proofs the account books of a party to an action may be received in evidence in his favor. The last clause of sec. 4187 reads as follows: "Provided, that such books mentioned in this and the preceding section shall not be admitted as testimony of any item of money delivered at one time exceeding five dollars, or of money paid to third persons, or of charges for rent." It is claimed by the learned counsel for the respondent that the money charged in said account for expenses of and disbursements made by *Eli Hooker* while engaged in the business of the defendant are

charges for money paid to third persons, within the meaning of said statute, and that the books were properly ruled out by the referee for that reason; and he cites *Winner v. Bauman*, 28 Wis. 563, as sustaining his claim. We do not deem it necessary to determine in this case whether the learned counsel is correct in his contention. By an examination of the findings in the case, it will be seen that the referee has found that there was no special contract between the defendant and plaintiffs to pay them any fixed sum per day for their services in addition to their expenses, and he has also found that the services rendered by *Eli Hooker*, as charged in his account, were not of the value so charged, and has allowed for the services so charged a gross sum, saying nothing about his expenses. Such findings must be construed as fixing the value of such services, including any expenses he may have incurred for his travel and sustenance while performing the services. These findings cover all the charges for the services and expenses of *Eli Hooker* sought to be proved by the introduction of the account books, except two, which were not allowed either for services or expenses. If the referee was wrong in excluding the books as evidence of the expenses of *Eli Hooker*, the plaintiffs are not injured by it, as the referee has found, upon sufficient evidence, that his services, including his expenses, were in each case a specific sum, and no more. A few of the charges for services were not allowed by the referee, and upon the evidence he seems to have been fully justified in rejecting such charges.

It is also assigned as error that the court permitted Gen. Bragg, a witness for the defendant, who had conducted the prosecution of the action against the defendant village as attorney for the plaintiff in such action, to state what his charges for such prosecution were. If it be admitted that such evidence should have been excluded as incompetent upon the question of the value of the services of the plaint-

iffs in defending the same action, it would not be such error as should reverse the findings of the court and referee upon the value of such services, when the record discloses that there is an abundance of competent evidence in the record to sustain such findings. It is also probable that the plaintiffs waived the objection by not renewing it when the deposition of Gen. Bragg was read in evidence on the trial. The objection appears in the deposition, but it does not appear that such objection was raised at the time the deposition was read upon the trial. *Hill v. Sherwood*, 3 Wis. 343; sec. 4092, R. S. Upon the questions of fact whether the referee and court allowed the plaintiffs a sufficient amount for their services in defending the action of *Whitton v. The Village of Brandon*, we think the evidence fully sustains the findings. There certainly is no such preponderance of the evidence in favor of allowing a larger sum as would justify this court in reversing such findings.

After the case of *Whitton v. Brandon* was decided adversely to the village, and the judgment in such action had been perfected, it appears that the plaintiffs performed other services in preparing to take an appeal from such judgment to this court. The referee found the value of such services was the sum of $95, and he also finds "that George A. Russell, the village president, consented to allow the plaintiffs, as village attorneys, to take an appeal to the supreme court from the judgment in said action of *Whitton v. Brandon*." The referee and the court disallowed this claim for $95, on the ground that the proper authorities of said village had never directed nor authorized an appeal to be taken from said judgment by the plaintiffs, nor by any other parties.

Under the findings of the court, the only authority the plaintiffs had to perform any services after final judgment against the defendant in the action of *Whitton v. Brandon*, was their original employment by the village to defend

such action. The allegations of the complaint in regard to said action are as follows: "That between the 1st day of July, 1883, and the 1st day of April, 1885, the said plaintiffs performed professional services as attorneys at law for and at the request of the said defendant, in and about the defense of a certain action then pending before the circuit court of Fond du Lac county, entitled *David Whitton v. Village of Brandon*, this defendant, and for which the defendant promised to pay the said plaintiffs." The complaint, after alleging due authority on the part of the defendant to pay for such work and expenditures, sets forth in a bill of particulars the specific services performed. This bill of items includes the charges for services performed after judgment against the village in the action in the circuit court, as well as those performed before judgment. The answer "admits that the plaintiffs were employed by the defendant to conduct the defense of the village of *Brandon* in the action brought by David Whitton against said village, and that the plaintiffs rendered certain services for the defendant under and by virtue of said employment." The answer denies that the account or bill of particulars attached to the complaint contains or is a statement of moneys necessarily disbursed by the plaintiffs in conducting said defense, or is a statement of services properly or necessarily rendered by the plaintiffs in conducting said defense.

Upon those allegations in the complaint and answer, and upon the finding that the president consented to allow the plaintiffs, as village attorneys, to take an appeal to the supreme court in said action of *Whitton v. Brandon*, the referee and circuit court refused to allow pay for the services rendered in preparing to take such appeal. The plaintiffs claim that it was error to refuse to allow for the services rendered after judgment in the *Whitton Case*. It is claimed by them that, under their employment *to defend such action*

in the circuit court, they were authorized, in case of an adverse judgment in such court, without any further employment, to appeal from such judgment, unless expressly prohibited from so doing by the proper authorities of the village. They also claim that, if they are mistaken in regard to the extent of their first employment, they are still entitled to recover for such services, because they were performed with the knowledge and assent of the proper authorities of said defendant.

We think, upon authority and principle, an employment to defend an action pending in a trial court does not, under ordinary circumstances, authorize such attorney to take an appeal to a higher court from the judgment rendered against his client. Public policy and the rights of litigants require that their attorneys in such case, especially where they have easy access to their clients, should first consult their wishes upon the question of taking an appeal from the judgment rendered against them in the trial court, before incurring further expenses in such litigation. Any other rule would authorize an over-confident attorney to inflict unnecessary costs upon his client in a case where the client was entirely satisfied to abide the judgment of the trial court. The following authorities cited by the learned counsel for the respondent tend to establish this view as to the authority of the attorney under such circumstances: *Covill v. Phy*, 24 Ill. 37; *Richardson v. Talbot*, 2 Bibb, 382; *Hinkley v. St. Anthony Falls W. P. Co.* 9 Minn. 55; *Jackson v. Bartlett*, 8 Johns. 361; *Walradt v. Maynard*, 3 Barb. 584, 586; Weeks, Attys. § 238, and notes.

The mere fact that the president of the village knew that the plaintiffs were preparing to take an appeal from the judgment rendered against the village does not, standing alone as it does in this case, amount to a consent by the proper authorities of the village that the plaintiffs should act for the village in preparing to take such appeal. It

might not be necessary that the plaintiff should prove by the records of the proceedings of the village that they were authorized to proceed to take an appeal from such judgment, but, in order to charge the village, it is necessary that they should prove that the constituted authorities of the village knew what the plaintiffs were doing in their behalf, and that they assented thereto. See 1 Dill. Mun. Corp. § 399, (3d ed.) § 479, and cases cited by the counsel for the respondent.

*By the Court.*— The judgment of the circuit court is affirmed.