OCONTO LAND COMPANY, Respondent, vs. MOSLING, Appellant.

*September 6—September 27, 1904.*

*Supreme court: Jurisdiction: Permitting appeal to be perfected: Waiver of right to appeal.*

1. Proper service of a notice of appeal to this court confers jurisdiction thereon sufficient to enable it to exercise its discretionary authority to permit the appeal to be perfected for all purposes, as to mistakes in taking the same.
2. Application for permission to remedy a mistake in taking an appeal which would otherwise be fatal to the right of the appellant to have the cause heard and determined will not be permitted when it appears so plainly as not to admit of reasonable discussion that the appeal would then be without merit.
3. If a party injuriously affected by an error takes a step necessarily involving submission thereto, in that a reversal thereof could have no effect whatever upon his rights, he waives the privilege of having the matter reviewed on appeal.

   [Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Oconto county: S. D. HASTINGS, Circuit Judge. *Appeal dismissed.*

Appeal from an order denying defendant the privilege of examining the president of the plaintiff company under sec. 4096, Stats. 1898. The alleged purpose of the proposed examination was to enable the defendant to frame his answer to the complaint, which complaint contained several causes of action, each to recover damages for the conversion of a specified quantity of sawlogs alleged to have been, at the time of the conversion, property of one not a party to the action, to have been then located on a specified governmental subdivision of land, and the claim for redress to have been for value assigned to the plaintiff before suit brought. The alleged owner of the property when the conversion occurred was not the same in all cases.

To comply with sec. 4096, Stats. 1898, the notice of taking the deposition when served was accompanied by an affiadvit on behalf of the defendant, stating "the general nature and object of the action," and for points upon which a discovery was desired, as to each cause of action, in effect, that knowledge was needed respecting the name of the person who made the measurement and determined the amount of the logs; also by whose authority the measurement was made; also of all that would be disclosed by an inspection of the reports of the measurements possessed by plaintiff, and of the assignment of the claim to plaintiff, and all other facts relevant to the cause of action. Before the time set for the examination, on motion of plaintiff's attorney, duly noticed upon the attorney for defendant, an order was entered by the circuit court prohibiting the latter from proceeding further under said notice, because the points, so called, upon which discovery was sought, related wholly to matters of evidence and not to pleadable facts, and no discovery was necessary to enable defendant to plead, and because the moving papers failed to satisfy all the conditions precedent to the right to proceed under sec. 4096 aforesaid.

Notice of the entry of such order was served upon the defendant's attorney March 2, 1904. March 4th thereafter, defendant secured a judicial direction under sec. 3060, Stats. 1898, as to the requisite bond to stay proceedings under the order aforesaid in case of an appeal therefrom to the supreme court. The same day a copy of the order containing such direction, with a notice of appeal to this court from the first order, was served on plaintiff's attorneys, but no undertaking, or copy of one, accompanied the papers so served or was then or thereafter served upon plaintiff or its attorneys, except as hereafter stated. March 9th, after said service, defendant's counsel filed with the clerk of the circuit court the notice of appeal with proof of such service, and the undertaking required by sec. 3052, Stats. 1898, to perfect the appeal. Such

undertaking did not conform to the condition of a stay of proceedings pending the appeal. Thereafter, and prior to March, 1904, without proof of the service of any undertaking upon the appeal on plaintiff or its counsel, the clerk of the circuit court in due form made a return to this court.

May 27th, thereafter, and subsequent to the filing in this court of such return, a motion was duly noticed upon defendant's counsel to dismiss the appeal because of the aforesaid failure to serve an undertaking under sec. 3060, Stats. 1898, and of the failure to obtain a stay of proceedings pending the appeal, and the service of an answer to the complaint without the aid of the discovery sought, which service had occurred and constituted, as alleged, a waiver of the appeal. The notice of motion was based on the record in this court and an affidavit showing the facts referred to in such notice. Before the hearing upon such motion, and after the time for appealing from the order complained of had expired, defendant caused a copy of the undertaking filed as aforesaid to be served upon plaintiff's attorneys, which was seasonably returned. No order was obtained from this court or the circuit court permitting the omission to so serve the undertaking at the proper time to be thus or in any way cured. Proof of the service made was filed with the clerk of the circuit court, and at the request of defendant's attorney a return thereof was made to this court, which was filed before the motion to dismiss was due to be heard.

When such motion was called for hearing June 9, 1904, defendant's attorney represented to the court by affidavit that plaintiff's attorneys, without making any claim that the appeal had not been perfected before making the motion to dismiss, admitted service of the required printed case, which informed them that the undertaking had been filed as heretofore stated; that the appeal was taken in good faith; that the delay in serving the undertaking worked no injury to plaintiff; that such failure was a mere mistake of defend-

ant's attorney; that until the motion papers were served on him he supposed the proper service had been made; that as soon as he was informed of the facts the efforts heretofore mentioned were made to correct the mistake, and that the answer served was not intended to be final. Upon such affidavit and the record on file, defendant's counsel moved the court to strike out the affidavit respecting the service of an answer to the complaint, and, further, if·it should be held that the appeal was not properly perfected, that it might be perfected upon such terms as the court might deem equitable. Both motions were set down for hearing when the cause should be reached on the calendar. Thereafter, and on July 27, 1904, defendant's attorney served upon plaintiff's attorneys a copy of an undertaking under the order of March 4, 1904, filing the original with the clerk of the circuit court, and causing him to make return thereof to this court, which return was duly filed July 30, 1904.

*E. V. Werner,* for the appellant.

For the respondent there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *B. H. Stebbins.*

MARSHALL, J. It is conceded, as the fact is, that the notice of appeal was properly served pursuant to sec. 3049, Stats. 1898. That, by the express words of such section, constituted the taking of an appeal, and conferred jurisdiction here, sufficient to enable this court to permit such mistakes to be corrected as may be necessary to put it in that full possession of the cause requisite to a hearing and determination thereof, though sec. 3052 provides that, to render an appeal "effective for any purpose" an undertaking must be executed as therein required. This subject was so recently discussed, all previous adjudications being referred to, in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, that it seems we ought not now to do more than to refer thereto in deciding the matter. As therein indicated, the power of the court is

ample, and has often been exercised, to allow an appeal to be perfected in circumstances the same or similar to those characterizing this one. Whether to do so, and whether, if a favor in that regard is granted, it should be with or without terms, as indicated in the case referred to, rests in the sound discretion of the court, which need not, and probably ought not to, be exercised in favor of the party in default, where, from an inspection of the record it clearly appears that no question could then be presented by him impeaching the decision complained of, admitting of a reasonable controversy as to whether it should be decided adversely to him. *Milwaukee T. Co. v. Sherwin,* 121 Wis. 468, 99 N. W. 229. That is the situation here. Defendant might have secured a stay of proceedings with an extension of the time for answering till such reasonable time after the determination of the appeal as to enable him to obtain the discovery sought before pleading, in the event of a decision in his favor. He answered, doing the very thing which he claimed he could not do in advance of such discovery. That, in reason and upon authority, waived such discovery and necessarily the error, if there were any, affecting the order complained of. It has been held that where a defendant in an action, before answering, moves the court, raising a question for decision which, in the very nature of things, should be decided, if at all, before issue joined, and the decision is erroneously against him, such error is waived by voluntarily answering before a correction thereof. *Franke v. Nunnenmacher,* 23 Wis. 297. On the same principle it has been held that if a pleading be erroneously held bad on demurrer, the right to appeal from the decision is waived by service of an amended pleading. *Hooker v. Brandon,* 66 Wis. 498, 29 N. W. 208. In both classes of cases the reasoning of the court is that if a party injuriously affected by an error takes a step necessarily involving submission thereto, in that a reversal thereof could have no effect whatever upon his rights, he waives the privi-

lege of having the matter reviewed on appeal. That exactly fits and rules the situation now presented, adversely to appellant. So, if the mistake, in failing to perfect the appeal by the service of an undertaking as required by law, were cured, we would be compelled to dismiss the appeal as having been waived. So the motion of appellant must be denied, and the motion of respondent to dismiss must be granted.

*By the Court.*—So ordered.