PLATTETER, Respondent, vs. PAULSON-ELLINGSON LUMBER COMPANY, Appellant.

*March 16—April 3, 1912.*

*Master and servant: Personal injury: Complaint: Sufficiency: Appeal: Order overruling demurrer: Exception not necessary: Waiver of rights by answering.*

1. In an action for personal injuries to a servant, the complaint, liberally construed, is *held* sufficiently to show that skids upon which plaintiff was piling logs for defendant were insufficient and defective; that defendant failed in its duty to furnish reasonably safe skids suitable for the purpose for which they were to be used; and that plaintiff was not necessarily chargeable with knowledge of their defective and dangerous condition.
2. An order overruling a demurrer to the complaint can be reviewed on appeal although not excepted to.
3. A defendant does not waive his rights on an appeal from an order overruling his demurrer to the complaint by putting in an answer after the appeal is taken.

APPEAL from an order of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint.

For the appellant there were briefs by *Thomas & Carow,* and oral argument by *J. W. Carow.*

For the respondent there was a brief by *W. H. & T. F. Frawley,* and oral argument by *T. F. Frawley.*

Siebecker, J. This is an action to recover damages for personal injuries received by the plaintiff while in the employ of the defendant.

The complaint alleges that the plaintiff, while engaged with other employees of the defendant in logging operations, was ordered to pile logs on skidways, and that while using skids furnished by the defendant one of the skids broke, allowing the log which was being raised to fall upon plaintiff and break his leg.

Negligence is alleged in the complaint as follows:

"That the failure of the said defendant to furnish the said plaintiff reasonably safe tools, implements, appliances, and instrumentalities, and the negligence of said defendant in ordering and requiring the said plaintiff to work by and with the tools, implements, instrumentalities, and appliances so furnished, was negligence for the reason that the skids so furnished by the said defendant to said plaintiff were insufficient in size, old, rotten, brittle, and likely to break, and that the same could not be safely used for the work so required of the said plaintiff by the said defendant.

"That the said defendant in failing to test, examine, and inspect the tools, implements, instrumentalities, and appliances was negligent for the reason that the said tools, implements, instrumentalities, and appliances demanded careful, close, and constant examination and inspection to determine the sufficiency and safety of said appliances so used by the said defendant in its said logging operations."

The appellant contends that the complaint fails to state a cause of action because it appears upon the face thereof that the defendant was not negligent in the respects alleged. The allegations must be liberally construed in favor of the plaintiff. Considering them from this viewpoint, it is obvious that the facts stated charge the defendant with furnishing skids that were insufficient in size and strength for the use for which

they were intended, and that this rendered them unsafe and dangerous to the plaintiff in the course of his employment. This charges the defendant with a breach of duty in that in the conduct of its business it failed to furnish reasonably safe appliances and thereby was guilty of a want of ordinary care toward the plaintiff.

It is argued that the facts alleged show that the defects in the skids were so obvious that the plaintiff must be presumed to have known that they were unsafe and dangerous, and hence that he is precluded from asserting that he continued in the defendant's employ without knowledge of the danger. We do not find that this implication is justified by the allegations of the complaint. It is manifest from the facts alleged that the evidence may disclose that the plaintiff was wholly ignorant of the alleged dangerous and defective condition of the skids. · Under the state of facts alleged, it may be said that the skids were insufficient and defective, that the defendant failed in its duty to furnish reasonably safe ones suitable for the purpose for which they were to be used, and that the plaintiff was not necessarily chargeable with knowledge of their defective and dangerous condition. These allegations of the complaint constitute a cause of action for negligence. These conclusions also negative the contention that the facts alleged do not charge defendant with a want of care through failure to properly inspect the skids. Further comment is not required.

There is no merit in the suggestion that the order appealed from cannot be reviewed in this court for want of an exception appearing in the record. No such exception is required to review an error which appears on the face of the record without a bill of exceptions.

Nor did the defendant waive its rights on appeal from this order by putting in an answer after the appeal was taken. *Douglas Co. v. Walbridge*, 36 Wis. 643.

*By the Court.*—The order appealed from is affirmed.