630    APPELLATE COURTS OF ILLINOIS.

Moore v. The Industrial Construction Co., 181 Ill. App. 630.

---

## Oliver L. Moore, Appellee, v. The Industrial Construction Company, Appellant.

### Gen. No. 17,402.

1. APPEALS AND ERRORS—*waiver of demurrer by pleading*. The correctness of an order overruling a demurrer to a declaration is not presented for review, where defendant elects to plead rather than stand by the demurrer.

2. PLEADING—*determination of sufficiency*. It is the facts averred and not the conclusion of the pleader that must be looked to, to determine the sufficiency of a declaration.

3. MASTER AND SERVANT.—*sufficiency of declaration*. A declaration averring in effect that plaintiff was a servant of defendant when he was injured; that dynamite is a dangerous explosive made more dangerous when heated; that dynamite was brought upon the premises and there overheated; that plaintiff did not know such fact; that plaintiff was working as a carpenter and the servants handling the dynamite were engaged in digging holes; and that the dynamite exploded and injured

plaintiff by being heated unnecessarily hot, is sufficient after verdict and is not objectionable in not alleging that the risk was not assumed and that the coworkers were not fellow-servants.

4. MASTER AND SERVANT—*liability for dynamite explosion.* Where a servant was injured by an explosion of dynamite rendered more dangerous by being overheated by a coworker, the master is regarded as having done it and is charged with knowledge of the facts and with negligence in permitting it to be done, and is liable unless the coworker was a fellow-servant, or plaintiff assumed the risk or was guilty of contributory negligence, even if the master was not responsible for the shock causing the explosion, providing the dynamite would not have exploded if it had not been overheated.

Error from the Superior Court of Cook county; the HON. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed June 30, 1913.

TAYLOR & LUNDAHL and V. S. LUMLEY, for appellant.

D. T. SMILEY and SHURTLEFF & HEIZER, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

By the rulings and instructions of the trial court the right to recover in this case was limited to the second, third and fifth counts of the declaration. The fifth count contains averments, in substance, that appellee was at the time he was injured working as a carpenter on a building being constructed by appellant; that the same was to be constructed on piers to be set in the ground; that in the digging of the holes or trenches for these piers the servants of appellant were using dynamite, a highly dangerous explosive, which was brought on the premises by appellant to be heated and used without the knowledge of appellee; that while appellee with due care and caution for his own safety was attending to his work and labor, the dynamite exploded causing the injury complained of to appellee.

The second count is substantially like the fifth except that it is therein charged that the dynamite was negligently overheated and consequently exploded.

The third count is also similar to the fifth, except that it is therein charged that the servants of appellant so negligently handled the dynamite that the same was exploded.

Upon a demurrer to this declaration being overruled appellant filed a plea of general issue and the cause went to trial. The jury found appellant guilty and assessed appellee's damages at $10,000. Judgment on the verdict was entered. Appellant having elected to plead, rather than to stand by its demurrer, the correctness of the order overruling the demurrer is not presented for review. The sufficiency of the declaration after the verdict to warrant a judgment thereon is questioned on the ground that it is not charged therein that the servants whose acts of negligence caused the injury were not fellow-servants with appellee, or that appellee did not assume the risk incident to the employment, all things considered.

Our Supreme Court has frequently said that a declaration in an action by a servant against his master that charges facts showing, "(1) the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure," states a cause of action. *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232.

In *Kelleher v. Chicago City Ry. Co.*, 256 Ill. 454, the court said: "The objection was not, however, taken by demurrer, but on motion in arrest of judgment, and on such motion, after verdict, the rule is different, and the allegations are to be construed so as to support the judgment. If the issue joined be such as necessarily required, on the trial, proof of facts omitted or so defectively or imperfectly stated as to have constituted a fatal objection upon demurrer, without which proof it is not to be presumed that either the judge would direct the jury to give or the

CHICAGO—FIRST DISTRICT—JUNE, 1913.     633

Moore v. The Industrial Construction Co., 181 Ill. App. 630.

jury would have given the verdict, such defect, imperfection or omission is cured by verdict.''

In *Sargent Co. v. Baublis,* 215 Ill. 428, where it was claimed the declaration was not sufficient after verdict to sustain the judgment, because it failed ''to allege facts showing any relation between the parties from which the law would create any duty from the defendant to the plaintiff''; because no actionable negligence was alleged; and because it failed ''to allege facts showing that the defendant knew or ought to have known of the defect and lack of knowledge'' on the part of the plaintiff, the court said: ''\*   \*   \* On demurrer a declaration is construed against the pleader, but after verdict all intendments and presumptions are in its favor   \*   \*   \*. A verdict will aid a defective statement of a cause of action by supplying facts defectively or imperfectly stated or omitted which are within the general terms of the declaration   \*   \*   \*.'' The court held the defects in that declaration cured by the verdict.

It is the facts averred and not the conclusions of the pleader from those facts that must be looked to, to determine the sufficiency of a declaration. The facts averred in this declaration show, (1) that appellee was a servant of appellant when he was injured. The relation of master and servant imposes on the master the duty to use reasonable care to cause the place where his servant is placed at work to be and remain reasonably safe; that the servant shall be subjected to no unusual, unknown and unexpected dangers. (2) That dynamite is a dangerous explosive made more dangerous by heating. (3) That dynamite was brought by appellant's servants onto the premises where appellee was working and was there overheated, or, in other words, heated unnecessarily hot. By that averment appellant's negligence is shown. (4) That appellee did not know it had been brought onto the premises or that it was being heated there. This aver-

ment negatives the assumption of the risk of its presence there or of its being overheated. (5) That appellee was working on a building there as a carpenter and that the servants who brought the dynamite onto the premises and who there heated it unnecessarily hot were engaged in digging holes or trenches in which to erect piers. This shows that they were not carpenters, for it is common knowledge that excavating holes or trenches in the ground is not carpenter work, thereby negativing the close relation between those servants and appellee promotive of caution for his safety which would render them fellow-servants. (6) That by reason of the dynamite being heated unnecessarily hot it exploded and injured appellee. Whether these averments would stand the test of a demurrer we are not called on to decide. Construing these averments with every intendment and presumption in favor of the sufficiency of the declaration, as we must do after a verdict, we are forced to the conclusion that they are amply sufficient to sustain a judgment.

The issue joined on this declaration put appellee to his proof of every fact necessary to his right to recover. The proof on every essential issue fairly tends to support the verdict rendered. It does not show what intervening cause produced the explosion, but a preponderance of it tends to show that, while overheating alone would not explode dynamite, it does render it unduly sensitive to shock and consequent explosion in proportion to the degree of heat it is subjected to, and at least one uncontradicted expert witness testified that in his opinion the dynamite was overheated and that the explosion was directly due to that fact. If overheating rendered the dynamite more dangerous, then to overheat it was negligence. If it was overheated by servants of appellant, then appellant did it and is charged with knowledge of the fact and with negligence in permitting it to be done,

and unless the servant who did it was the fellow servant of appellee, or appellee assumed the risk there involved, or was guilty of contributory negligence, then appellant is liable to appellee for the damage received by him, even if the shock that actually exploded it was produced by some act for which appellant was in no way responsible, providing it would not have exploded if it had not been overheated. All these questions were for the jury to determine. They were determined adversely to appellant. After a painstaking consideration of all the evidence we are unable to justify a holding that the verdict is contrary to the weight of the evidence.

Complaint is made to the giving of one instruction at the request of appellee. The instruction has been condemned in several cases where the declaration did not negative the assumption of risk. We have already shown that the declaration in this case contains an averment that is equivalent to an express denial that appellee assumed the risk. There was no error in giving the instruction in view of the averments in the declaration in this case.

Finding no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*