SCHLECHT, Administratrix, and others, Respondents, vs. ANDERSON, imp., Appellant.

*December 5, 1928—January 8, 1929.*

*Farr & MacLeod* and *A. W. MacLeod,* all of Eau Claire, and *Geo. G. MacDonald* of Ashland, for the appellant.

*Wm. F. Shea* of Ashland and *Frank R. Bentley* of Madison, for the respondents.

ROSENBERRY, J.   This action was begun by the service of a summons and complaint on April 24, 1928.   On the 24th day of May, 1928, the defendant Lew Anderson demurred to the plaintiffs' complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was sustained by order of the court dated July 19, 1928.   On July 24, 1928, an amended complaint was served. To the amended complaint the defendants Lew Anderson, Arthur J. Hanson, and R. B. Woodward separately demurred, first, upon the ground that the amended complaint does not state facts sufficient to constitute a cause of action; second, that there was a defect of parties plaintiff; and third, a misjoinder of causes of action.   By order of the court dated August 28, 1928, these demurrers were overruled, and on August 29, 1928, the defendants Lew Anderson and Arthur J. Hanson moved to make the amended complaint more definite and certain, which motion was on September 8,

1928, denied. Thereupon the defendant Lew Anderson answered the amended complaint by answer served September 14, 1928. The defendant Hanson answered separately by answer served on September 17, 1928. By the notice dated September 20, 1928, the defendant Lew Anderson appealed from the order of the court overruling the demurrer to the amended complaint and from the order denying his motion to make the amended complaint more definite and certain. The clerk of the circuit court thereupon returned with the notice and undertaking on appeal the original papers to this court. The plaintiffs moved to dismiss the appeal, assigning therefor the following reasons : first, that the order denying defendants' motion to make the amended complaint more definite and certain was not appealable; and second, that as to the order overruling the defendants' demurrer to the amended complaint, the defendant Anderson before taking his appeal having fully answered, he had waived his right of appeal; third, the plaintiffs also moved here that if it be held by this court that the appeal from the order overruling the demurrer was properly taken, then the case should be returned to the clerk of the circuit court for Ashland county, a certified copy of the record should be made and returned to this court, retaining the originals in his office.

The order denying defendants' motion to make the amended complaint more definite and certain was clearly not appealable. *McCarville v. Boyle,* 89 Wis. 651, 62 N. W. 517; *State ex rel. Schumacher v. Markham,* 162 Wis. 55, 155 N. W. 917.

The appeal from the order overruling the demurrer of the defendants requires a consideration of the statutes and some of the prior decisions of this court. Such an order is by the terms of sec. 274.33 appealable.

Sec. 274.24 provides :

"When the appeal is from an order the execution or performance thereof or obedience thereto shall not be delayed except upon compliance with such conditions as the court

or the presiding judge thereof shall direct, and when so required an undertaking shall be executed on the part of the appellant, by at least two sureties, in such sum and to such effect as the court or the presiding judge thereof shall direct; such effect shall be directed in accordance with the nature of the order appealed from, corresponding to the foregoing provisions in respect to appeals from judgments, where applicable, and such provision shall be made in all cases as shall properly protect the respondent; and no appeal from an intermediate order before judgment shall stay proceedings unless the court or the presiding judge thereof shall, in his discretion, so specially order."

Sec. 274.30, relating to stays, is as follows:

"Whenever an appeal shall have been perfected and the proper undertaking given or other act done, prescribed by this chapter, to stay the execution or performance of the judgment or order appealed from, all further proceedings thereon shall be thereby stayed accordingly, except that the court below may proceed upon any other matter included in the action, not affected by the judgment or order appealed from, and except that the court or presiding judge thereof may order perishable property, held under the judgment or order appealed from, to be sold, and the proceeds paid into court to abide the event."

While the statutes have been slightly changed in form their substance remains substantially the same as when the case of *Douglas County v. Walbridge,* 36 Wis. 643, was decided. The facts in that case differ slightly from the facts in this case in that the demurrant appealed from an order overruling his demurrer and then answered, whereas in this case the demurrant answered and then took his appeal. In that case the court said:

"The legislature has conferred the right of appeal from certain orders made in the progress of a cause, among which are orders overruling demurrers, and has at the same time left it to the discretion of the circuit judge, in each case, whether there shall or shall not be a stay of proceedings pending the appeal. If the judge refuses to grant a stay

of proceedings, the cause must go on in the circuit court the same as though no appeal had been taken; and, in a case like this, the defendant must either answer or allow judgment to go against him by default. If, by interposing an answer, he waives his appeal, the alternative is forced upon him, either to suffer judgment to go against him by default, or to waive his appeal from the order overruling his demurrer. We cannot think that the legislature intended to drive a defendant to any such alternative, but intended rather that he may, at the same time, prosecute his appeal and defend the action. The principle, we think, is the same, if, instead of refusing a stay of proceedings, the judge is willing to grant it (as he was in this case), but the appellant is unable, or for any other reason fails, to give the required undertaking."

This case was affirmed by reference in *Platteter v. Paulson-Ellingson L. Co.* 149 Wis. 186, 135 N. W. 535. In the latter case the matter was not discussed at all. On the other hand, in *Hooker v. Brandon,* 66 Wis. 498, 29 N. W. 208, it was held that a plaintiff waives his right to appeal from an order sustaining a demurrer to the complaint by serving an amended complaint, the effect of such act being mainly to eliminate the original pleading from the record. In *Oconto Land Co. v. Mosling,* 122 Wis. 440, 100 N. W. 824, commenting upon the cases of *Franke v. Nunnemacher,* 23 Wis. 297, and *Hooker v. Brandon, supra,* the court said:

"In both classes of cases the reasoning of the court is that if a party injuriously affected by an error takes a step necessarily involving submission thereto, in that a reversal thereof could have no effect whatever upon his rights, he waives the privilege of having the matter reviewed on appeal."

And the court there held that a defendant who had been denied a right of discovery claimed by him could not appeal from the order denying him that right after he had answered in the case. The court said:

"Defendant might have secured a stay of proceedings with an extension of the time for answering till such reason-

able time after the determination of the appeal as to enable him to obtain the discovery sought before pleading, in the event of a decision in his favor. He answered, doing the very thing which he claimed he could not do in advance of such discovery. That, in reason and upon authority, waived such discovery and necessarily the error, if there were any, affecting the order complained of."

The general rule, recognized by the court in *Douglas County v. Walbridge, supra,* is held in most jurisdictions to constitute a waiver on the part of the demurrant who answers either before or after taking his appeal. In one case he waives the right of the appeal, and in the other the appeal already taken. 3 Corp. Jur. p. 668, § 539, and cases cited in note 45, among which are the following: *Great Western Sugar Co. v. Parker,* 22 Colo. App. 18, 31, 123 Pac. 670; *Moore v. Industrial C. Co.* 181 Ill. App. 630; *Brodie v. Clator,* 8 W. Va. 599; *McCargo v. Jergens,* 206 N. Y. 363, 99 N. E. 838; *Delaware, L. & W. R. Co. v. Salmon,* 39 N. J. L. 299; *Robinson v. L'Engle,* 13 Fla. 482.

It is considered that the holding in *Douglas County v. Walbridge, supra,* is shaken and very much weakened by subsequent decisions of this court, and that in conformity with the reasoning of subsequent cases and the great weight of authority it should now be held that where a party demurs to a pleading and the demurrer is overruled, he waives his right to appeal or his appeal, as the case may be, if he subsequently pleads. It is considered that the purpose of the statutes was to require a party taking an appeal from an order overruling a demurrer to a pleading either to stand on his demurrer or to require him to apply for a stay of proceedings in accordance with the provisions of the statutes. It is not to be presumed that trial courts will abuse the discretion thus vested in them under the statutes. As a matter of fact our judicial history indicates very strongly that such will not be the case. On the other hand, to permit a party to appeal and plead deprives the opposite party of

the benefit of the security an appealing party may be required to give as a condition of a stay being granted by the trial court and permits the appealing party to march in opposite directions in the action at one and the same time. It is conceivable, of course, as the court hinted in *Douglas County v. Walbridge, supra,* that if a trial court improperly exercises the discretion vested in it, a party might be deprived of a right of appeal. Supposing such a situation to arise, the right of the party is preserved because he can upon appeal from the final judgment have the error complained of reviewed. Sec. 274.34 provides:

"Upon an appeal from a judgment, as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below, which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the circuit court, whether the same were excepted to or not." *State ex rel. Star Prairie v. St. Croix County,* 83 Wis. 340, 344, 53 N. W. 698.

The statutory scheme preserves to the party demurring his right to have a review of the ruling of which he complains in any event. If such a review is sought before judgment, then it must be in accordance with the provisions of the statute. If he seeks to review an order by appeal without being deprived of the privilege of pleading, he must comply with the terms and conditions prescribed by the trial court pursuant to the same statute which gives him the right to appeal. Where the appeal is taken in good faith and will present a doubtful question of importance, the terms fixed will not be onerous. If, on the other hand, an appeal is taken merely for the purpose of delay and confusion, the trial court may prescribe conditions which will require the appealing party to stand upon one proposition or the other and will in any event protect the rights of the opposite party.

*By the Court.*—The motion to dismiss the appeal is granted.