Armstrong vs. Gibson.

---

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied at the January term, 1872.

========

|  31 | 61 |
|  75 | 12 |

## ARMSTRONG VS. GIBSON.

USURY.   GUARANTY.   EQUITY.   (1, 2) *Sale and transfer of note valid, though vendor's guaranty void for usury.*   (3) *When equity will not interfere in case of usurious guaranty.*

PLEADING AND PRACTICE.   (4) *Objection that complaint does not state cause of action; when not waived.*   (5) *Order overruling demurrer on that ground, reviewable on appeal from judgment.*

1. Where A sells and transfers to B, the note of C, and guaranties its payment, the transfer is valid, and B may enforce the note against C, even though the guaranty is void for usury.
2. Equity will not interfere to set aside, for usury, an *executed* contract.
3. Where the guaranty was made by A, of his own motion, and not at B's request, equity will not interfere to annul it, but will leave A to his defense at law, in case an action should be commenced against him.
4. The objection that the complaint does not state a cause of action is not waived by failing to demur on that ground, or to appeal from an order overruling such a demurrer, but may still be urged against a judgment in plaintiff's favor.
5. *It seems*, also, that on appeal from such a judgment, the order overruling such a demurrer is reviewable under sec. 6, chap. 264, Laws of 1860, as " an intermediate order involving the merits, and necessarily affecting the judgment."

APPEAL from the Circuit Court for *Sauk* County.

The plaintiff sold and transferred to the defendant a note and mortgage for $1,000 and ten per cent. interest, executed by his son, Theodore F. Armstrong, to the plaintiff. The defendant paid therefor $950, and the plaintiff, as a part of the same transaction, by an indorsement to that effect on the note, guarantied the payment of the whole amount for which the note and mortgage was given, principal and interest. At the

time of such sale and transfer no payment had been made on these securities.

The object of this action is disclosed in the prayer for relief in the complaint, which is as follows: "The said plaintiff, therefore, demands judgment that the said conveyance, transfer, assignment and guaranty of said note and mortgage from the plaintiff to the defendant, are usurious and void, and that they be so adjudged, set aside and made void, and delivered up and cancelled, and that said note and mortgage be returned to the plaintiff, and that he may have such further or other relief as shall be equitable."

The circuit judge held that although the guaranty of the plaintiff may have been usurious, and therefore void, still the assignment and transfer of the securites were valid to pass the title thereto to the defendant, and enable him to collect the same of Theodore F. Armstrong; and that the plaintiff was not entitled to the relief demanded in the complaint. Judgment was thereupon rendered for the defendant; from which the plaintiff appealed.

*Wm. Brown* and *C. C. Remington*, for appellant, argued that the sale, assignment or transfer and guaranty, bearing the same date, relating to the same subject matter, and having but one consideration, were parts of the same transaction, and must be construed together as one contract (4 Barb., 270, 271; *Cornell v. Todd*, 2 Denio, 130; 11 Mass., 74; 15 id., 96, 97; 13 id., 54, 55; 14 id., 351; *Van Horn v. Crain*, 1 Paige, 458; *White v. Wright*, 3 Barn. & Cress., 273; *S. C.*, 5 D. & R., 110; 1 Hill, 601; 1 Johns. Cases, 91, 95; *Stow v. Tifft*, 15 Johns., 458, 463; *Brown v. Dean*, 3 Wend., 208; *Stocking v. Fairchilds*, 5 Pick., 181; *Hunt v. Livermore*, id., 395; 10 id., 298; 18 id., 472; *Coddington v. Davis*, 1 Coms., 186; 6 Wis., 68); that defendant could not, by parol evidence, contradict the legal effect of the guaranty; that the words "value received" therein could not thus be contradicted (1 Hill, 501, 509, 601; 9 Paige, 658, 659; *Brewster v. Silence*, 4 Seld., 207; 4 Wis., 190, 196, and cases

there cited; 11 Mass., 27, 29–32; *Erwin v. Saunders*, 1 Cow., 249, 250; 4 Hill, 420; 1 id., 116, 117; *Crane v. Morris*, 6 Pet., 598; 1 Greenl. Ev., 275–277); that the question whether plaintiff volunteered the guaranty is of no moment, the same having been accepted by defendant knowingly, and the money paid after such acceptance; that plaintiff could not defend, upon that ground, an action on the guaranty (9 Paige, 658, 659; 1 Cow., 249, 250); that the guaranty was usurious (*Cowles v. McVickar*, 3 Wis., 725; *Rock Co. Bank v. Wooliscroft*, 16 id., 22; *Yankey v. Lochart*, 4 J. J. Marsh., 276; *Ruffin v. Armstrong*, 2 Hawks, 411; 1 Pet., 37); that a court of equity will take jurisdiction to cancel the usurious agreement (5 Johns. Ch., 135–146; Story's Eq. Jur., §§ 699, 700, and note; *Anderson v. Rapelye*, 9 Paige, 483, and 4 Hill, 472); and that the order overruling the demurrer to the complaint was conclusive that the complaint stated a cause of action. *Pierce v. Kneeland*, 9 Wis., 23.

*Crouch & Huntington* (with *J. Mackey*, of counsel), for respondent:

1. There was no usury. (1) To constitute usury there must be a loan or forbearance of money. The complaint does not charge, nor does the court find, that the transaction here was other than a *bona fide* sale of the note and mortgage. Laws of 1859, ch. 160, sec. 2; 3 Parsons on Con., ch. 2, sec. 2, p. 107, and also pp. 146–148; 1 Albany Law Jour., 432, 433; *Cutler v. Wright*, 22 N. Y., 472–482; *Otto v. Durege*, 14 Wis., 571–573. (2) There must be a corrupt intent. 1 Alb. L. J., 432; *Condit v. Baldwin*, 21 N. Y., 219–221; *Fay v. Lovejoy*, 20 Wis., 407; 14 id., 574. Counsel criticised the case of *Cowles v. McVickar*, 3 Wis., 725. 2. The complaint does not show plaintiff entitled to the relief sought. (1) To entitle plaintiff to maintain the action, it should appear that he was *the borrower*, or that he has paid or offered to pay the sum actually *loaned*, with legal interest. Laws of 1859, ch. 160, sec. 6; 7 Hill, 391, 405–6; *Draper v. Emerson*, 22 Wis., 147. (2) The complaint should enable the court to see that plaintiff has sustained or is

threatened with legal injury. Van Santv. Pl. (2d ed.), 294; *Smith v. Lockwood*, 13 Barb., 209; *Mann v. Morewood*, 5 Sandf., 557. "If there are any circumstances by reason of which it would be impossible or difficult for the borrower to obtain perfect relief against the usurious contract at law, they should be stated in his bill in chancery." *Perrine v. Striker*, 7 Paige, 598; *Livingston v. Harris*, 11 Wend., 329. (3) Sec. 8, ch. 160, Laws of 1859, corresponds with sec. 14 of the N. Y. statute of 1837 on the same subject, and sec. 6 is also a copy of the N. Y. statute; and the settled construction of sec. 8 in New York, before adopted here, was, that "a party could not go into a court of chancery and file a bill for relief, except where it was necessary to aid a defense at law, or to remove a usurious incumbrance which is a cloud upon complainant's title to real property, or which may be used at law to his injury, or in such a manner that he could not interpose a legal defense." *Morse v. Hovey*, 9 Paige, 197; 7 id., 598; 37 N. Y., 437; 1 Coms., 283. 3. It is never too late to take advantage of an incurable defect in pleading.   8 How. Pr. R., 159; Voorhies' Code (ed. of 1857), 161, note d.

LYON, J.   I. The first question to be considered is, whether there was a valid assignment and transfer of the securities to the defendant, conceding that the guaranty of the plaintiff is void for usury.

We do not propose to go into an extended discussion of this question, or to review the decisions of the various courts bearing upon it.   Those who may desire to examine such decisions will find many of them, both English and American, cited and most elaborately revie wed in the cases of *Cram v. Hendricks*, 7 Wend., 569; *Cowles v. McVickar*, 3 Wis., 725; and in the able opinion of the learned circuit judge in this case.

In *Cowles v. McVickar*, Mr. Justice SMITH states the law to be, that an indorsement, void for usury, is valid to pass the title to the indorsee, and enable him to collect the note of the maker.

It must be conceded, however, that this remark of the learned justice who wrote the opinion in that case is *obiter dictum*, no such question being involved in the issue. And it may be remarked in this connection, that the question which was presented to the court in that case for adjudication is not necessarily involved in the decision of this case, as will hereafter appear. There the question was, whether the indorsement or guaranty was void for usury. Here, if it be held that the indorsement, whether usurious or not, passes the title to the note so that the indorsee may collect it of the maker, it will be unnecessary, for reasons which will presently be stated, to decide whether the indorsement or guaranty is or is not void for usury. The question under consideration is now for the first time, so far as I am advised, presented directly to this court for adjudication. The decisions of the courts in other states, in England, and in the federal courts, bearing upon it, are very conflicting, very many of them holding the doctrine asserted in *Cowles v. McVickar* by Mr. Justice SMITH, and very many others of equal authority asserting an opposite doctrine. A review of these conflicting decisions will subserve no useful purpose. We are required to choose between them, and to say which line of decisions contains a correct statement of the law on this subject.

After a careful and somewhat extended examination of the authorities, we have reached the conclusion that the law was correctly laid down by Mr. Justice SMITH, and that the circuit judge held correctly when he decided, "that the assignment and delivery of the note and mortgage in question in this suit, by the plaintiff to the defendant, passes the title thereto from the plaintiff to the defendant, and that he is entitled to hold and collect them of the maker."

It is proper to say, however, that we do not intend to express, or even to intimate, an opinion as to the rights or liabilities of the parties in any action which may be instituted by the holder of the note and mortgage in controversy against Theodore F.

VOL. XXXI—5

.Armstrong, to enforce payment thereof. By a reference thereto it will be seen that we have adopted the views of Mr. Justice WILDE on this question in tne case of *Knight v. Putnam*, 3 Pick., 184. He uses the following language : " Now it is . manifest that the maker of a note is not affected by a usurious agreement between the indorser and indorsee. He is liable on his contract, and it is immaterial to him whether the action be brought in the name of the indorser or in that of the indorsee. But I hold, further, that the transfer of a note on a usurious consideration is neither void nor voidable. So far as the indorsement operates as a transfer of the note, it is an *executed* contract, and the statute against usury is not applicable." It only applies to the implied promise or guaranty of the indorser, which, being an *executory* contract, may be avoided. But in no case can an executed contract be set aside on the plea of usury."

II. The next question is, whether the plaintiff is entitled to have his guaranty cancelled, on the ground that it is usurious.

The circuit judge found as facts that the defendant did not request the plaintiff to make the guaranty, that he then regarded the plaintiff as pecuniarily irresponsible, and that it was purely a voluntary act on the part of the plaintiff. The evidence seems to sustain these findings.

Under these circumstances, although the guaranty may be usurious, and although the defendant might successfully defend himself upon that ground, should he be sued upon it, a court of equity ought not to interfere to decree a cancellation thereof at the suit of the plaintiff, but should leave him to his defense in an action at law, brought against him on the contract of guaranty.

We find nothing in this case which entitles the plaintiff to invoke the aid of a court of equity, but quite the reverse.

III. A general demurrer was interposed to the complaint, and was overruled by the circuit court. It is claimed on behalf of the plaintiff, that inasmuch as the order overruling the demurrer was not appealed from, the same is *res adjudicata* on

the question of the sufficiency of the complaint; and, the allegations of the complaint being all proved, the circuit court should have given judgment for the plaintiff, even though the complaint states no cause of action and the decision on the demurrer was erroneous.

We know of no process by which a court can bind itself to give the plaintiff a judgment when his complaint does not state facts sufficient to constitute a cause of action. This is an objection which, like an objection to the jurisdiction of the court, may be made at any time during the progress of the trial. It is not, as in most other cases of defective complaints, waived by the failure of the defendant to take the objection by demurrer or answer. R. S., chap. 125, sec. 9. Besides, we are inclined to the opinion that the order overruling the demurrer is within sec. 6, ch. 264, Laws of 1860, which provides that " upon an appeal from a judgment, the supreme court may review an intermediate order involving the merits and necessarily affecting the judgment."

We think that it was competent for the circuit court, after overruling the demurrer to the complaint, and after trial, to dismiss the complaint because it failed to state facts sufficient to constitute a cause of action; and that the doctrine of *res adjudicata* is not applicable in such case.

Although we have here discussed somewhat the effect of an order overruling a general demurrer to a pleading, yet it will be remembered that we do not decide whether the complaint in this action does or does not state facts sufficient to constitute a cause of action. We only decide that under the circumstances of the case, the plaintiff is not entitled to equitable relief.

· *By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied.