RAY and others vs. NORTHRUP

*September 5 — September 19, 1882.*

VACATING JUDGMENT. *(1) When refusal to set aside judgment not disturbed. (2) Laches.*

PAYMENT. *(3) Whether payment to assignor is good, when assignment is void as between the parties thereto?*

1. A motion to set aside a judgment and to permit the filing of an amended pleading is usually very much in the discretion of the court to which it is addressed, and the decision of that court will not be disturbed, unless the case presents strong grounds for holding that such discretion was not justly and fairly exercised.

2. An action to foreclose a mortgage was commenced by the assignees thereof December 6, 1879; the answer was served December 29; the cause was continued from time to time until the January term, 1881, when, upon due notice, it was brought to trial; the findings of the court were filed and judgment entered February 8, 1881; on February 15, the costs were taxed and inserted therein; and on February 21, notice of the entry of judgment was served on the defendant. January 25, 1882, defendant moved to set aside the judgment and to be permitted to file an amended answer. The only reason for the delay disclosed was that defendant was informed by the mortgagee that he would try and arrange matters with the assignees so that the action would not be pressed. It appeared that the facts stated in the proposed answer were known to the defendant when the first answer was served. *Held,* that the defendant was guilty of laches, and his motion was properly denied.

3. Whether in an action of foreclosure brought by assignees of a mortgage, a payment to the original mortgagee after the assignment and without the knowledge or assent of the assignees, can be set up as a defense, on the ground that the assignment is void as between assignor and assignees, *quære.*

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an order refusing to set aside a judgment of foreclosure and permit the defendant to file an amended answer. The action was to foreclose a mortgage given by the defendant to his father, E. L. Northrup, and by

said E. L. Northrup assigned to the plaintiffs. The action was commenced on the 6th of December, 1879. The defendant appeared in the action by his attorney and served his answer December 26, 1879. The cause was continued from time to time until the January term, 1881, when, upon due notice of trial, the case was brought to a hearing, and on the 13th of said month the judge before whom the case was tried made his findings therein, and the same were filed in the clerk's office on February 8, 1881, upon which day judgment of foreclosure was duly entered, and the costs were taxed and inserted therein on the 15th of said month. Notice of the entry of judgment was served on the defendant on February 21, 1881. On January 25, 1882, the defendant filed a proposed amended answer in the action, and upon his own affidavit, the affidavits of his attorney, W. W. D. Turner, J. Dobbs, and E. L. Northrup, moved the court to set aside the judgment and permit him to file his proposed amended answer and defend the action. The motion was denied, and from the order denying the motion he appealed to this court."

For the appellant there was a brief by *W. W. D. Turner*, his attorney, with *Charles E. Shepard*, of counsel, and oral argument by *Mr. T. R. Shepard*.

*B. K. Miller, Jr.*, of counsel for the respondent, to the point that the granting or denying of the order appealed from was a matter within the sound discretion of the court below, and that this court will not interfere unless there has been a gross and manifest abuse of such discretion, cited: 1 Simmons' Dig., 552, and cases cited; *Seymour v. Supervisors of Chippewa Co.*, 40 Wis., 62; *Smith v. Smith*, 51 id., 668; *McLaren v. Kehlor*, 22 id., 300; *Churchill v. Welsh*, 47 id., 54; *Union Lumber Co. v. Supervisors*, 47 id., 248.

TAYLOR, J. From the statement of the facts of the case it is evident that the appellant was guilty of laches in not

putting in his defense in his original answer, and also in not moving promptly for relief after judgment was entered against him. · His only reason for delaying the matter is that he was informed by his father, the original mortgagee, that he would endeavor to arrange the matter with the respondent so that the foreclosure suit would not be pressed against him. This might have been some excuse for not defending the action, but it was no excuse for not moving promptly to set it aside after judgment was entered against him. It is also evident from the affidavits that the facts stated in the proposed amended answer were as well known to the appellant when he filed his original answer as they were when he proposed to file the amended one. That his original answer did not set out any facts constituting a defense to the action is now admitted, and it is a matter of very grave doubt whether the proposed amended one sets out facts constituting a defense. The answer admits that the mortgage and notes were valid as between himself and his father, the mortgagee, and that if he had not paid them to E. L. Northrup, as he claims to have done after they were assigned to the respondents, he would not have any defense to them in the hands of the respondents. He claims that having paid them to the mortgagee after they had been assigned to the respondents, and after they had acquired such an interest in them as would have entitled them to maintain an action upon them against the appellant, he has the right to defeat their action by such payment made without their knowledge or assent. The ground of this claim is that the contract by which the respondents claim title to the notes and mortgage is void as between the assignor, E. L. Northrup, and the respondents.

We think there are very grave doubts whether such payment made to the respondents' assignor, after the assignee had acquired a right of action on the assigned notes and mortgage, as against the appellant, made without their

knowledge or consent, can now be set up as a defense to their action. *Armstrong v. Gibson,* 31 Wis., 61; *Knights v. Putnam,* 3 Pick., 185. But if such payment can be set up as a defense, because the contract of assignment between the mortgagee and the respondents is illegal and void as between the assignor and assignee, the appellant has shown no excuse for not interposing it in proper time, except his reliance upon the promise of the assignor to settle the same, so as to prevent the further prosecution of the action. If the assignor has failed to prevent the respondents from obtaining a judgment against the appellant, he must look to him for any damages he may have suffered by reason of such judgment. A motion of this kind is, usually, very much in the discretion of the court to which it is addressed, and this court will not reverse an order of this kind unless the case presents strong grounds for holding that the discretion of the court to whom the motion is addressed was not justly and fairly exercised. See cases cited in the brief of the learned counsel for the respondents. We think there was no abuse of discretion in refusing to set aside the judgment.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.