KNOPKE, Appellant, vs. GERMANTOWN FARMERS' MUTUAL INSUR-
ANCE COMPANY OF GERMANTOWN, WASHINGTON COUNTY,
WISCONSIN, Respondent.

*March 24 — April 12, 1898.*

*Evidence: Instructions as to weight of evidence: Improper remarks by
counsel: New trial.*

1. The plaintiff, when being cross-examined by defendant's counsel,
was proceeding to make some statement not called for, and such
counsel interrupted him, insisting upon a direct answer to his
question, and said to the witness in the presence of the jury, "You
are not the innocent Abigail you pretend to be," adding, "I can
tell about the old man for a good many years, . . . that party
is not an innocent party in court." *Held* that, though such re-
marks were highly improper and out of order, yet they were not a
sufficient cause for reversing a judgment for the defendant.

2. Upon the trial of the issue whether the plaintiff intentionally set
fire to the buildings insured by the policy sued on, *held*, that a
question asked of the plaintiff, for the avowed purpose of showing
absence of motive to set such fire, as to whether he lost any money
in the building, was properly excluded, in the absence of an offer
or attempt to show that any such considerable sum as might affect
his motives was lost there.

3. An appellant who voluntarily brought improper evidence into a
case cannot urge the admission thereof as ground of error.

4. Where the defense set up in an action upon an insurance policy was
that the plaintiff intentionally set fire to the insured premises, the
court instructed the jury to the effect that the presumption of in-
nocence existed until the jury were satisfied by the preponderance
of evidence of the plaintiff's guilt, and repeated several times that
the case was to be decided upon the preponderance of evidence,
which he defined as that which weighs most. *Held,* that it was not
error to refuse to add to such instruction that "there is no pre-
ponderance unless the testimony adduced is sufficient to overcome
the presumption of innocence."

5. A new trial will not be granted on the ground of newly-discovered
evidence if that is merely cumulative or impeaching.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*
VOL. 99 — 19

Knopke vs. Germantown Farmers' Mutual Ins. Co.

This is an action upon a standard policy of insurance issued by the defendant to the plaintiff, and covering the plaintiff's house and other buildings, and also his personal property; the buildings being insured for $1,850, and the personal property for $1,000. The entire property was destroyed by fire July 7, 1896, during the term of the policy. There is no question raised as to the sufficiency of the complaint. The defenses relied upon were that the plaintiff was guilty of fraud and false swearing in making out his proofs of loss, and that he intentionally set fire to the buildings. After the evidence was in, a special verdict, consisting of the following questions, was submitted to the jury: "First. Was the plaintiff guilty of fraud in making out his proofs of loss as to the personal property insured? Second. Was the plaintiff guilty of intentional false swearing in making out his proofs of loss as to the personal property insured? Third. What was the value of the personal property insured and destroyed by fire? Fourth. Did the plaintiff intentionally set the fire by which the dwelling house and other insured property was burned?"

After being out a considerable time, the jury returned into court, and handed to the court the following communication: " If the plaintiff set the fire, or knowingly caused it to be set, could we answer the fourth question 'Yes' or 'No'?" Thereupon the court instructed the jury as follows, to which due exception was taken:

"The rule of law is that what a man does by another, or by an authorized agent, he does by himself; that is, if I authorize and direct a man to do a certain thing for me, it is precisely the same in law as if I did it myself. So, if you find the plaintiff directed and authorized some one to set this fire, it is the same thing as if he did it himself. If there is no further information, you may retire.

" *Question.* What do you wish to be instructed further? *Answer.* About the weight of evidence. *Question.* Preponderance of evidence? *Answer.* Preponderance of evidence.

"Preponderance of evidence, I told you, meant this: I told you that, to determine the question in this case by the preponderance of the evidence, the preponderance of the evidence meant you are to put all the evidence of the plaintiff on one side of the scale, and you are to put all the evidence in favor of the defendant on the other side of the scale, and which ever side makes down weight had the preponderance of the evidence. Now, evidence is what convinces a man of the truth. If a witness swears to something you do not believe to be true, that is testimony, and not evidence. If a witness says something you are satisfied, in your sound judgment, is not the truth, then you are entitled to disregard it; and I told you it is for you to determine how much weight shall be given to testimony of any witness. It is for you to determine, in case of a conflict of evidence, what witness tells the truth, and where the truth lies. You are not to determine it arbitrarily or through prejudice, but weigh it over carefully and consider it carefully, and take into consideration all the circumstances,— all the evidence in the case; and then it is for you to determine what the truth is, and how much weight, or how little, you should give to any witness.

"*By a juryman:* If the jury agree that not any of the evidence be truthful, how are we to decide? If we should decide not any of the evidence furnished proof, how are we to decide? *By the court:* That is rather a queer question. That seems to me, you would not believe anybody that has testified on either side. The presumption is there is some truth in this case, and some evidence, or something like that; and it would be a very remarkable case where the jury would be justified in believing nobody that testified in the case, whatever. I don't think I have anything further to say upon that question. But there may be one other point, perhaps, that some of the jurors had in their mind. I told you in criminal cases the rule was, in order to

Knopke vs. Germantown Farmers' Mutual Ins. Co.

find a man guilty, you must find beyond a reasonable doubt; but this is different from a criminal action.   This is a civil action, and you are to determine whether or not this company shall pay this money; and in this case *you are only to be satisfied from the preponderance of the evidence.*   If it come to a criminal action, it would be different.   Then you must find beyond a reasonable doubt.   But in this case you are only to be satisfied as to the preponderance of the evidence, because it is only a civil action to pay money.   I told you also that a man is presumed to be innocent until the contrary is established.   In this case the plaintiff would be presumed to be innocent of setting the fire until it was established by the preponderance of the evidence that he did set it.   As I have said, it is only necessary to *satisfy you by a preponderance of the evidence, and not beyond a reasonable doubt."*

The jury thereupon returned into court with the special verdict, and answered the first two questions, "No;" the third question fixed the value at $750; and the fourth question, " Yes."   Upon the return of this verdict the plaintiff moved for a new trial upon the minutes of the court, for alleged errors in the admission and exclusion of evidence, and in the charge of the court, and in the submission of the special verdict.   The plaintiff also moved for a new trial upon certain affidavits, which were claimed to disclose newly-discovered evidence.   These motions were denied, and exceptions taken; and a judgment was rendered dismissing the complaint, and for costs, from which the plaintiff appeals.

For the appellant there were briefs by *Hume, Oellerich & Jackson,* and oral argument by *John W. Hume.*   They contended that the judgment should be reversed for the imputation by counsel of facts not pertinent to the issue, but calculated to prejudice the case.   *Brown v. Swineford,* 44 Wis. 292; *Clink v. Gunn,* 90 Mich. 135; *Amperse v. Flecken-*

*stein*, 67 id. 247; *People v. Montague*, 71 id. 447; *Rickabus v. Gott*, 51 id. 227; *Sasse v. State*, 68 Wis. 530; *Turner v. Muskegon M. & F. Co.* 97 Mich. 166.   The evidence in relation to money lost in the fire was competent.  *Farmers' Mut. F. Ins. Co. v. Crampton*, 43 Mich. 421.

For the respondent there was a brief by *Felker, Stewart & Felker*, and oral argument by *F. C. Stewart*.

WINSLOW, J.  1. The first error alleged is with regard to certain remarks made by the defendant's attorney upon the cross-examination of the plaintiff.   The plaintiff had testified to the circumstances of the fire and the value of the items of property destroyed, and upon his cross-examination the following colloquy took place: Question.  "What were those two men doing while that fire was burning?"  [Referring to two men who helped carry out the housekeeper's quilts and blankets.]   Answer.  "They helped carry out the housekeeper's beds, and two boxes, one quilt, two blankets,— and that's all; and then nobody could get in.  It didn't take two minutes after we woke up that the kitchen — if I had time enough I save —"   By Mr. Bouck: "Answer the question. You are not the innocent Abigail you pretend to be.   I can tell about the old 'man for a good many years."   By Mr. Hume: "I object to that statement before this jury."   By Mr. Bouck: "Now I insist.   I said that that party is not an innocent party in court, and I insist he answer the question." To these remarks, counsel for plaintiff then and there duly excepted.   By the court: "Just answer the questions, and stop."   To which remarks of the court, plaintiff then and there duly excepted.   We shall not attempt to justify the remarks made.   They were clearly out of order, and cannot be defended.   Some allowance, however, must be made for the natural vehemence of counsel in an action which is hotly contested.   The witness was plainly proceeding to make statements not called for by any question, and the very

natural impulse of counsel was to stop him and call him to order. While we cannot approve the language used, still, considering the occasion and the evident attempt of the witness to inject into the answer matters not asked about, we are not able to say that it should be regarded as reversible error. It is entirely different from the language used in *Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157. We cannot reverse a judgment for every improper chance remark made by counsel in the course of a heated trial,— especially when made under the provocation offered by a too willing witness.

2. Upon rebuttal the plaintiff was recalled by his own counsel, and asked if he lost any money which was in the house at the time of the fire; and it was explained by counsel that the testimony was offered simply to show want of motive in the plaintiff for setting the fire. This evidence was ruled out, upon objection by the defendant, and this ruling is alleged as error. There was no offer to show that the sum alleged to have been lost was any considerable sum. It may not have been more than $1. Certainly the loss of such a sum could cast no light upon the question of motive, when the insurance sought to be recovered was $1,000. If such evidence were admissible at all on the subject of motive,— which is not decided,— the court should be advised that the sum alleged to have been lost was large enough to afford reasonable ground for an argument that the plaintiff would not willingly lose it for the sake of recovering the insurance. Such seems to have been the case in *Farmers' Mut. F. Ins. Co. v. Crampton*, 43 Mich. 421, which is relied upon by the appellant.

3. Error is claimed because the court allowed the defendant to prove that a former house standing on the same site burned down several years before the fire in question, and while the plaintiff was occupying it. Examination of the record shows that this evidence was volunteered by the plaintiff. It appeared upon his cross-examination that there

had been another house on the same site as the one de-stroyed, and the plaintiff was then asked how long it re-mained there, to which he replied, "Well, that burned down the second year I was there." The statement, having been brought into the case by the plaintiff voluntarily, is not a ground of error.

4. Errors are alleged in the charge, and in the refusal to give certain instructions in full as requested. The plaintiff requested a charge to the effect that the presumption of law is that all persons are innocent of crime until their guilt is established by competent proof, and that the burden of bringing this proof is on the defendant; that you must be *satisfied* by a preponderance of the evidence that the plaint-iff did intentionally set the fire; and that there is no pre-ponderance unless the testimony adduced is sufficient to overcome the presumption of innocence. The trial judge gave this instruction as requested; leaving out, however, the last clause. We do not see that the last clause added anything of moment to the general effect of the instruction. When the jury were told that the presumption of innocence existed until they were satisfied by the preponderance of the evidence of the plaintiff's guilt, the whole question was covered.

But it is said that there was affirmative error in the charge upon the subject of the preponderance of the evi-dence. The court told the jury in his original charge, as well as in the supplemental instructions, that the case was to be decided upon the preponderance of the evidence, and that "preponderance of evidence" meant putting all the plaintiff's testimony on one side, and all the defendant's tes-timony on the other side, of the scale, and the side of the scale which makes down weight has the preponderance. In immediate connection with this instruction, however, the court told the jury twice in the original charge, and twice at least in the supplemental instructions, that they must be

Knopke vs. Germantown Farmers' Mutual Ins, Co.

satisfied by the preponderance of the evidence that the plaintiff set fire to the house. The general effect of the charge on this subject is very much the same as that given in *Curran v. A. H. Stange Co.* 98 Wis. 599, and what is there said is applicable here. If the court had simply charged that they were to find a verdict on the preponderance of the evidence, it would have been misleading, under the cases cited in the *Curran Case;* but when he added to his definition of "preponderance" the definite statement, several times repeated, that they must be *satisfied* from the preponderance of the evidence before they could find the plaintiff guilty of arson, the charge was not erroneous. This is not a case where an erroneous proposition is laid down in one part of the charge, and a correct contradictory proposition in another. It has often been held in such cases that the latter will not correct the former. The charge here, to the effect that "preponderance of evidence" means that evidence which weighs the most, is correct, as far as it goes. It would be misleading if it stopped there. But when, in addition, it is stated that it must be such a preponderance as satisfies the jury, no reasonable objection can be made to it.

Other criticisms are made of the charge, but it is not deemed necessary to state them particularly. While the charge is not exactly a model in all respects, we discover no reversible error in it.

5. The alleged newly-discovered evidence was either cumulative or impeaching. A new trial will not be granted upon such evidence.

*By the Court.*— Judgment affirmed.