KENNEDY, Respondent, vs. PLANK and another, Appellants.

*December 12, 1903—January 12, 1904.*

*Appeal and error: Bill of exceptions: Mistake in selling drugs: Damages: Evidence: New trial: Newly discovered evidence.*

1. An objection that a verdict is perverse and contrary to the evidence cannot be considered in the absence of a certificate that the bill of exceptions contains all the evidence material to the case.

2. In an action to recover for injury to plaintiff's horses claimed to have been caused by feeding them copperas, sold and delivered to him by defendants by mistake for Glauber's salt, there was evidence that the horses were in good condition up to the time they were fed the copperas; that all of the horses to which the copperas was fed manifested the same systemic derangement within a week or ten days after they were fed it; that a *post mortem* examination of those that died showed conditions such as copperas poisoning produces in horses, and that no other cause was shown to which such conditions were attributable. *Held*, sufficient to show that copperas fed to horses in such quantities as plaintiff gave was injurious to health.

3. Orders refusing a new trial in jury cases cannot be reversed on appeal upon the ground that the verdict is contrary to the weight of the evidence, unless it clearly appears that there is no credible evidence to support the verdict.

4. Evidence that plaintiff procured copperas for a neighbor under the same circumstances as he procured it for himself; that such neighbor fed it to his horses; that his horses manifested the same symptoms as those of plaintiff's within the same time, and that a *post mortem* examination disclosed physical conditions similar to those found in plaintiff's horses and indicated the cause of death and ailment of the animal, is *held* to have been admissible as tending to corroborate that the sickness of plaintiff's horses was the result of defendants' negligence.

5. In such case, refusal to grant a new trial on the ground of newly discovered evidence, based upon affidavits tending to show that after the death of plaintiff's horses he and the veterinary surgeon who treated them made statements as to the cause of their death at variance with their testimony on the trial, is *held* not to have been erroneous.

Appeal from a judgment and order of the circuit court for Waushara county: Chas. M. Webb, Circuit Judge. *Affirmed.*

Defendants conducted a general store, including a drug department, in the village of Hancock. Plaintiff is a farmer residing near by. He alleges that on May 22, 1899, while at the store, he called for two packages of Glauber's salt, of four pounds each, and that defendants, through one of their clerks, sold and put up for him two packages of copperas instead of the Glauber's salt; that he caused the copperas to be

administered to his horses by his hired man in the belief that
it was Glauber's salt; that in consequence thereof the horses
were made ill, required medical attendance, and were ren-
dered unfit for farm uses, and therefore he was subjected to
the expense of hiring horses to do his work.   One of the
horses died in the month of August, 1899.   It appears that
plaintiff obtained the two packages, one for himself, and one
for his neighbor, a Mr. Tibbitts; and there is evidence tend-
ing to show that one of Mr. Tibbitts's horses became sick and
showed symptoms of a like nature about the same length of
time after having been fed the copperas as plaintiff's horses.
Defendants deny the negligence charged, and claim that
Glauber's salt was delivered as requested by plaintiff, but
that he, through his negligence, exchanged it for two pack-
ages of copperas which were on the counter of defendants'
store at the time of the transaction.

The evidence included in the bill of exceptions is in sharp
conflict upon the material questions litigated upon the trial.
Under proper instruction, the court submitted all the issues,
and the jury found in plaintiff's favor in the sum of $357.16.
Judgment for this amount was awarded plaintiff, and from
that judgment this appeal is taken.   Defendants also appeal
from an order denying their motion for a new trial.

For the appellants there was a brief by *McFarland, Hanna
& Murat* and *Corrigan & Johnson,* and oral argument by
*C. B. McFarland* and *W. D. Corrigan.*

*D. D. Conway,* for respondent.

SIEBECKER, J.   Respondent recovered damages upon the
verdict of the jury.   He alleged the injuries resulted from
appellants' negligence in delivering copperas to him instead
of Glauber's salt, as he requested, for use as a medicine for
his horses.   Appellants attack the judgment upon the ground
that the verdict is perverse and contrary to the evidence.   An
examination of the record discloses that it is not certified that

the bill of exceptions contains all the evidence material to the issues in the case. Upon this state of the record, this court cannot review this assignment of error. *Lain v. Shepardson,* 23 Wis. 224; *Conatty v. Milwaukee E. R. & L. Co.* 100 Wis. 467, 76 N. W. 482.

It is, however, apparent from an inspection of the evidence before us that the jury were warranted in finding as they did. The main questions submitted to the jury were: (1) Did appellants, at the time alleged, sell and deliver copperas to respondent in place of Glauber's salt? and (2) Did respondent's horses become sick as a result of feeding them the material procured from appellants?

Respondent asserts and appellants deny that respondent received copperas when he called for Glauber's salt. The evidence submitted by the parties upon this question was in conflict, and the court submitted the issue to the jury upon a general verdict. The proof tending to support the position of either party was of such nature and weight as to require the trial court to submit it to a jury for determination.

It is, however, urged that there is no evidence tending to show that copperas fed to horses in such quantities as respondent fed it would be injurious to their health. We find no foundation for this contention in the evidence. There is considerable evidence tending to show that the horses were in a good state of health up to the time they were fed the copperas; that they manifested the same symptoms of weakness, debility, and a systemic derangement within a week or ten days after they were fed it, and their symptoms showed they were affected from a like cause. No other cause was shown to which this condition was attributable, and the *post mortem* examination of respondent's, as well as Mr. Tibbitts's horses, sustained the claim that the conditions were such as copperas poisoning produces in horses.

In the light of this evidence, the issue was properly submitted to the jury, though there was strong and persuasive

evidence in conflict with the proof sustaining the verdict. This court cannot reverse orders refusing a new trial in jury cases upon the ground that the verdict is contrary to the weight of the evidence unless it clearly appears that there is no credible evidence supporting the verdict approved by the court. *Jones v. Evans,* 28 Wis. 168; *Ray v. Northrup,* 55 Wis. 396, 13 N. W. 239; *Smith v. Lander,* 48 Wis. 587, 4 N. W. 767; *Becker v. Holm,* 89 Wis. 86, 61 N. W. 307.

It is argued that the court erred in receiving the testimony of the veterinarian, F. S. Lawrence, and of Mr. Tibbitts, relating to the sickness and *post mortem* examination of Tibbitts's horse. The testimony hardly admits of dispute that the horse was fed copperas, procured from appellants by respondent at the time he purchased for himself; that it was fed to the horse by Mr. Tibbitts; that it became sick, manifesting symptoms like those of respondent's horses, within the same period of time; and that upon a *post mortem* examination the veterinarian observed physical conditions corresponding significantly to the conditions observed in the horses of respondent, and indicating the cause of ailment and death of the animal. This evidence had a direct bearing upon the inquiry as to what effect copperas has upon horses when fed in the quantities shown in this case, and tended to corroborate respondent's claim that the sickness of his horses was the result of appellants' negligence. The testimony was properly admitted.

We are now to determine the question presented upon the appeal from the order overruling appellants' motion for a new trial, and to vacate the judgment upon the ground of newly discovered evidence. The issues litigated have been sufficiently stated. The affidavits upon which the motion is based show that the alleged newly discovered evidence consists of statements and admissions of respondent, made during the fall of 1899, to the effect that his horses were poisoned by sal soda obtained from appellants in place of Glauber's

salt, and that he did not know the cause of his horses' sickness and death.    True, the evidence does not agree in some respects with respondent's statements upon the trial as to his knowledge of what he secured from appellants in place of the Glauber's salt.    It appeared he had no positive knowledge that he procured copperas until he learned it through Prof. Daniels, but he always spoke of the poison as having been sold him by appellants in place of Glauber's salt.    This rendered the alleged newly discovered evidence of little weight in the determination of the issuable facts.    These admissions that he did not understand the cause of the sickness is in its nature weak and unsatisfactory, in view of the positive statements made at about the same time that the horses were sick from what appellants had given him in place of the Glauber's salt.    The evidence that Dr. Lawrence made statements on this subject to various persons before the trial which was in conflict with his testimony is of the same nature, and can add but little, if any, weight to sustain the motion.    We are of opinion the trial court was fully warranted in holding that, if this evidence were produced and submitted to a jury with the other evidence, it ought not to, nor would it probably, lead to a verdict different from the one rendered.    *Goldsworthy v. Linden,* 75 Wis. 25, 43 N. W. 656; *Ryan v. Rockford Ins. Co.* 85 Wis. 573, 55 N. W. 1025; *Grace v. McArthur,* 76 Wis. 641, 45 N. W. 518.

We must hold that the action of the trial court in awarding judgment and denying the motion for a new trial is sustained by the record.

*By the Court.*—The judgment and the order of the circuit court are affirmed.