BIRDSALL, Respondent, vs. FRAENZEL, Appellant.

*May 1—May 31, 1913.*

*New trial: Newly discovered evidence: Contracts: Negotiations*
*merged in writing: Signatures: Location: Unilateral agree-*
*ment: Performance: Real-estate brokers: Commissions: Right*
*to sell to any person: Instruction by owner limiting such right:*
*Appeal: Questions considered.*

1. The granting or refusing of a new trial on the ground of newly
   discovered evidence rests largely in the discretion of the trial
   court.
2. Newly discovered evidence which is at most impeaching in char-
   acter and does not tend to show that the verdict is based on
   perjured evidence is not ordinarily ground for a new trial.
3. A new trial should not be granted because of newly discovered
   evidence unless there is substantial ground for believing that
   such evidence may probably change the result.
4. There having been in this case no false representation that a
   written contract contained a certain provision, talk in respect
   thereto between the parties before signing the contract must
   be regarded as merged in it.
5. In an action upon a written contract, in view of admissions in
   the answer and the copy of the contract attached to the com-
   plaint and purporting to be signed by both parties, the objec-
   tion that there was no contract because the writing was not
   signed by plaintiff is *held* not available when raised for the
   first time in the appellate court.
6. The mere fact that one party named in a contract signed the
   same on the left side of the sheet while the other party signed
   on the right side thereof, does not show that the former signed
   in any other capacity than as a party.
7. Even if a written instrument stating an agreement between a
   landowner and a broker, to the effect that the owner employs
   the broker to sell the land and agrees to pay him a commis-
   sion, does not state any obligation on the part of the broker
   and must, therefore, be treated as a unilateral agreement or
   proposition which may be withdrawn before acted on, yet
   where it is delivered to the broker and he proceeds to procure
   a purchaser before any notice of withdrawal of the proposi-
   tion, he thereby becomes entitled to the stipulated commis-
   sion.

8. Where a binding written contract by which the owner employs a broker to sell land and agrees to pay him a commission contains no restriction as to who may be the purchaser, the broker is not bound to follow an instruction by the owner not to sell to a certain person, but may sell to that person or any one else.

APPEAL from a judgment of the circuit court for Kewaunee county: S. D. HASTINGS, Judge. *Affirmed.*

This action was brought to recover for commissions alleged to be due for services rendered in finding a purchaser for defendant's property. The defendant seasonably requested that the following question be submitted to the jury: "At the time of making the contract between the plaintiff and defendant, did the defendant instruct the plaintiff that he must not sell the farm and property to one Henry Wessel?" The request was refused and due exception taken. The following verdict was returned by the jury: "(1) Did the plaintiff falsely represent to the defendant at the time she signed the contract that it contained a provision that the property should not be sold to Henry Wessel? *A.* No." A motion for a new trial, based mainly upon newly discovered evidence, was denied and judgment entered for plaintiff, from which this appeal was taken.

For the appellant there was a brief by *George W. Wing,* attorney, and *Cady, Strehlow & Jaseph,* of counsel, and oral argument by *S. H. Cady.*

For the respondent the cause was submitted on the brief of *O. H. Bruemmer.*

KERWIN, J. The defendant was the owner of a farm which she offered with some personal property for $20,000. A written contract was entered into on the 6th day of April, 1912, between plaintiff and defendant, whereby defendant promised to pay plaintiff two per cent. of the purchase price for selling said property, the plaintiff to have the exclusive

right for thirty days to sell. Plaintiff produced as a purchaser one Henry Wessel, able, ready, and willing to purchase at the price stated. It is claimed by defendant that plaintiff by the contract was prohibited from selling to said Henry Wessel, though no mention of this fact appears in the written contract. Plaintiff agreed to sell to Wessel and defendant refused to convey. The bone of contention is that plaintiff was prohibited from selling to Wessel, hence no purchaser had been found, no sale made, and no commission earned.

1. The appellant contends that a new trial should have been granted on the ground of newly discovered evidence. It appears that shortly before the close of the evidence plaintiff went upon the witness stand on rebuttal and testified that defendant could read and write the English language, and that on the day the contract was made between plaintiff and defendant, viz. April 6, 1912, he saw defendant write an English letter and testified to its contents. After judgment was entered defendant obtained this letter and makes it the principal basis for a new trial on the ground that it shows that defendant could not write English.

Counsel for appellant in their brief say that the question whether plaintiff misrepresented to defendant the contents of the agreement between plaintiff and defendant depends upon the issue as to defendant's ability to read and write the English language, and therefore it is claimed that the court below should have granted a new trial on production of the letter in question, which appears in part to be written in German. The letter is in the record and before us. The name of defendant and some other words are written in English script. The English words in the letter contain all the letters in the name "Wessel." The words "mammoth," "potatoes," "Wis.," and "Door Co." in the letter appear to be written in English script.

On the motion for new trial the learned trial judge, among other things, said:

"And if the letter were in evidence as bearing on the question whether she could tell by examining the document itself whether it contained the provision in question, I should say that it was evidence tending to show that she could. It shows that she knows and uses the English alphabet letters as freely as the German. Nearly half of the words in the letter are in English. The letter would be conclusive evidence to my mind that the person who wrote it could look over the written contract, and readily see whether it contained a provision that the property should not be sold to Wessel."

It may well be that the plaintiff, in glancing at the letter, might have come to the conclusion that it was in English and have honestly so testified, since he saw English words in it and could not read or write the German language. Moreover, the defendant did not ask plaintiff or her children, who were present and could read English, to read the agreement to her, but examined it herself and made a change in it.

The contention of the appellant is that the newly discovered evidence in the form of the letter in question was ground for a new trial because not cumulative, and further that it tended to impeach the plaintiff. On the point that the evidence is not cumulative because of a different kind than that introduced on the trial, counsel relies upon *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788. But it is also ruled in that case that a new trial should not be granted because of newly discovered evidence unless there be substantial ground for believing that such evidence may probably change the result. The cases cited by counsel on the point that newly discovered evidence tending to show that the verdict is based upon perjured evidence is ground for a new trial, do not reach the instant case. The newly discovered evidence here was at

most only impeaching in character, and this court has ruled that ordinarily such evidence is not ground for new trial. *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542, 547, 44 N. W. 1085; *Knopke v. Germantown F. M. Ins. Co.* 99 Wis. 289, 74 N. W. 795. It may well be that newly discovered evidence impeaching in character might be produced so strong as to constitute ground for a new trial; as for example where it is shown that the verdict is based upon perjured evidence. 29 Cyc. 868. But no such case is made here. Counsel relies upon *Dierolff v. Winterfield,* 26 Wis. 175. In that case the newly discovered evidence was vital, not cumulative nor purely impeaching: It related to new and material facts and was strictly original evidence.

It appears quite clearly from the record that had the letter in question been introduced in evidence it would not have changed the result. Under the rulings of this court a new trial will not be granted on the ground of newly discovered evidence unless it is reasonably probable that a different result would be reached upon another trial. *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788; *Jalie v. Cardinal,* 35 Wis. 118.

The granting or refusing a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court. *Grace v. McArthur,* 76 Wis. 641, 45 N. W. 518; *Anderson v. Arpin H. L. Co., supra; Kennedy v. Plank,* 120 Wis. 197, 97 N. W. 985.

After a careful examination of the record we are convinced that there was no abuse of discretion in denying the motion for a new trial.

2. There was no error in the refusal to submit to the jury the question requested. The material question was submitted to the jury. Whatever talk was had before signing the contract respecting its terms must be regarded as merged in it, since the jury found upon sufficient evidence that the plaintiff did not falsely represent to the defendant at the time she

signed the contract that it contained a provision that the property should not be sold to Henry Wessel.

The evidence does not establish that any modification of the contract was made after it was executed. The contention of appellant under this head appears to be that the agreement did not constitute a contract because the plaintiff did not sign it; that it was unilateral and void for want of mutuality; that plaintiff did not obligate himself to do anything; and that no consideration passed from plaintiff to defendant.

We cannot think this position is available to appellant here. So far as we can see, the question is raised for the first time in this court. It is not raised in the answer. On the contrary, the answer admits that the defendant employed the plaintiff to sell her property upon terms agreed upon between the parties, a copy of which contract is attached to the complaint, and this copy, appearing in the printed case, purports to be signed by both plaintiff and defendant. True, the copy of the contract attached to the complaint and in the record bears the signatures of plaintiff and defendant, but the plaintiff's signature is on the left side of the sheet and the defendant's opposite on the right side of the sheet. However there is nothing in the record tending to show that plaintiff intended by placing his name where he did to sign in any other capacity than as a party to the contract. The answer also alleges that the contract and signature thereto were procured by fraud. It also appears that the contract was delivered to plaintiff and he proceeded to perform on his part and procured a purchaser before any notice of withdrawal or cancellation of the proposition or offer was given, even if the paper should be treated as an unilateral agreement or proposition which could be withdrawn before acted upon.

3. The appellant further contends that, the defendant having instructed plaintiff that he could not sell to Wessel, he violated instructions, acted in bad faith, hence cannot recover commissions. The contract having been made and being

binding upon the parties, the plaintiff was under no obligation to follow instructions not to sell to Wessel, but had a right under the contract to sell to Wessel or any one else, so the doctrine that an agent with limited authority is bound to keep within the scope of his authority has no application here. The plaintiff was within the contract and within the scope of his authority when he agreed to sell to Wessel.

We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.