WALTER BROTHERS BREWING COMPANY, Appellant, vs. KLUCK, Respondent.

*May 4—May 21, 1914.*

*Principal and agent: Evidence of the relation: Parol evidence affecting writings: New trial.*

1. In an action to recover a balance alleged to be due upon account for goods sold and delivered, although the invoices, bills of lading, and some expressions used by the parties in their correspondence were such as might naturally be used in case of sales, yet, there being also in the writings numerous indications that only an agency arrangement existed, and among them a bond given by defendant reciting that he had been appointed plaintiff's agent and was faithfully to perform the duties of such agency, oral testimony to the effect that the true relationship of the parties was that of principal and agent was properly admitted and was sufficient to sustain a verdict for defendant.

2. Newly discovered evidence which is merely impeaching in its character does not ordinarily form a ground for a new trial.

APPEAL from a judgment of the circuit court for Portage county: A. H. REID, Judge. *Affirmed.*

For the appellant there was a brief by *J. Elmer Lehr,* attorney, and *Lehr, Kiefer & Reitman,* of counsel, and oral argument by *J. Elmer Lehr.*

For the respondent the cause was submitted on the brief of *D. I. Sicklesteel.*

WINSLOW, C. J. In this action the plaintiff corporation claimed that the defendant was indebted to it in the sum of $7,636 as a balance due upon an account for beer alleged to have been sold and delivered to the defendant between March, 1894, and August, 1909. The defendant admitted the delivery to him of the beer, but denied that he purchased the same, and alleged that he simply handled it as the agent of the plaintiff.

This issue was tried by the court and jury and determined

in favor of the defendant. The plaintiff's claim now is that the correspondence of the parties, the form of the invoices, bills of lading, and other writings which passed between the parties establish indisputably the fact that the beer was sold to the defendant rather than delivered to him as agent, and that the court should have admitted no oral testimony tending to show that the real relationship of the parties was that of principal and agent, and should have directed a verdict for the plaintiff. These contentions are untenable. The writings are not conclusive one way or the other. The invoices, bills of lading, and some expressions used in the letters are such as might naturally be used in case of sales, but on the other hand the writings contain numerous indications that only an agency arrangement existed, not the least of which is a bond given by the defendant at the beginning of the transactions in which it was recited that the defendant had been appointed agent of the plaintiff and was to faithfully perform the duties of such agency. The oral testimony to the effect that the true relationship of the parties was that of principal and agent was properly admitted and was amply sufficient to sustain the verdict.

A motion for new trial on alleged newly discovered evidence was properly denied. The proposed evidence was entirely immaterial on the question submitted to the jury and could have no bearing on the case except as tending to impeach one of defendant's witnesses. Newly discovered evidence which is merely impeaching in its character does not ordinarily form a ground for the granting of a new trial. *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377.

*By the Court.*—Judgment affirmed.