164

STATE, Respondent, vs. DEBS, Appellant.

*December 7, 1934—January 8, 1935.*

The cause was submitted for the appellant on the brief of *Lowry, Beggs & Dawson* of Madison, and for the respondent on that of the *Attorney General, Fred Risser,* district attorney of Dane county, and *Carl Christianson,* assistant district attorney.

WICKHEM, J. The complaining witness testified that she was eighteen years of age on June 12, 1932, and had a child born to her on July 2, 1932. She claimed to have had illicit relations with defendant on October 29th and about two weeks and four weeks before that date. She also testified that she had relations with him several times before this. Her menstrual period was from September 11th to September 17, 1931. There was medical testimony to the effect that the child was normal, and that it was conceived sometime between September 15th and October 2, 1931.

At the preliminary hearing complaining witness was asked about her relations with Dave Bowers, Jack Meyers, Joe Schmelzer, and Roger Brougger, and upon the trial she was asked about relations with Charles Meyers, Johnnie Schmelzer, and Otto Zelner. The defendant did not take the stand, and none of the persons mentioned above, and with respect to whom the complaining witness was questioned, were subpœnaed. The affidavits upon which a new trial is sought were those of Charles Meyers and James Anderson. Meyers' affidavit asserts that he had had sexual relations with the complaining witness many times, and that he had intercourse with her during the month of September, 1931. Anderson's affidavit asserts that he had sexual relations with her during the months of July and August, 1931. The state filed a counter-affidavit by the complaining witness denying the facts set up in the affidavits.

We are satisfied that there was no abuse of discretion in denying the motion for a new trial. So far as Meyers' affidavit is concerned, the court had good reason to conclude that such evidence as this affiant could give was not newly discovered or could, with proper diligence, have been produced upon the trial, since the complaining witness was questioned at the trial concerning her relations with him. Neither affidavit fixes the relations of affiant with the complaining

witness in the period during which the medical evidence shows conception to have taken place. Under these circumstances the evidence, even if considered to be newly discovered, merely tends to impeach the testimony of the complaining witness that she had had relations with no person other than defendant during the months of July, August, and September. Under the decisions of this court evidence which merely tends to impeach the credibility of a witness does not warrant a new trial upon the ground of newly-discovered evidence. *Hooker v. Chicago, M. & St. P. R. Co.* 76 Wis. 542, 44 N. W. 1085; *Wieting v. Millston,* 77 Wis. 523, 46 N. W. 879; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377; *Knopke v. Germantown Farmers' Mut. Ins. Co.* 99 Wis. 289, 74 N. W. 795; *Kennedy v. Plank,* 120 Wis. 197, 97 N. W. 895; *Clithero v. Fenner,* 122 Wis. 356, 99 N. W. 1027; *Birdsall v. Fraenzel,* 154 Wis. 48, 142 N. W. 274; *Walter Brothers B. Co. v. Kluck,* 157 Wis. 388, 147 N. W. 359; *Sweda v. State,* 206 Wis. 617, 240 N. W. 369. Reliance is had by defendant upon *Jacobsen v. State,* 205 Wis. 304, 237 N. W. 142, and *Nelson v. State,* 210 Wis. 441, 245 N. W. 676. In each of these cases the question of guilt was closely contested, and there were inherent improbabilities in the state's case that led this court to exercise its powers to reverse the judgment. Here the evidence upon the trial was undisputed. Defendant did not take the stand or deny the story of the complaining witness, nor was there anything inherently improbable in her testimony.

*By the Court.*—Order affirmed.